STATE of Arkansas *v.* Jonathan GRAYDON

CA 03-489 184 S.W.3d 476

Court of Appeals of Arkansas
Division III
Opinion delivered June 2, 2004

[Rehearing denied June 16, 2004.]

*Mike Beebe*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellant.

*James Law Firm*, by: *Willaim James, Jr.*, for appellee.

JOSEPHINE LINKER HART, Judge. Appellee, Jonathan Graydon, who, according to court documents, was born December 19, 1984, was charged in the criminal division of circuit court by felony information with having committed on September 3, 2002, the crime of rape by forcible compulsion. The court granted a motion filed by Graydon's counsel to transfer the case to the juvenile division of circuit court. Appellant, State of Arkansas, appeals from that order, arguing that the court's decision was clearly erroneous.[1] We agree with the State, and accordingly, we reverse for the case to be tried in the criminal division of circuit court.

At the January 27, 2003, hearing on the motion to transfer, the asserted victim, C.W., testified regarding the circumstances that gave rise to the rape charge. C.W. stated that on September 3, 2002, she and Graydon attended the same school. She was in the tenth grade and fourteen years old; he was in the eleventh grade and seventeen years old. On that day, they were both at a bus stop when Graydon told her that he had something to tell her. According to C.W., he asked her "when I would let him put his pole in me." Appellant continued to ask her this question; C.W. did not respond. Graydon began pulling her, and Graydon told C.W.'s stepbrother, who was following, to leave. When C.W. tried to pull away from Graydon and return to the bus stop, Graydon pulled her to the side of a house. Graydon then pulled her onto a porch at the back of the house, pushed her into a corner, and caused her to hit her head, which stunned her. C.W. told Graydon "no," but Graydon held her down on the concrete by keeping her arms above her head, got on top of her, pulled down her pants, and engaged in sexual intercourse with her. C.W. suffered a three and one-half inch tear in her vaginal area and bled for two days.

---

[1] The State appeals pursuant to Ark. Code Ann. § 9-27-318(l) (Repl. 2002). We note that various amendments have been made to the statute, with the amendments effective May 6, 2003, and July 16, 2003.

Graydon observed at the time of the incident that he had "busted" C.W.'s "cherry." C.W. required corrective surgery and was hospitalized for three days.

Graydon's mother, Elaine Williams, also testified at the hearing. She stated that on the date of the incident, she lived in Little Rock while Graydon lived in England with his aunt so that he could play football there. She testified that he was succeeding in football and was making A's, B's, and C's in school. She further stated that, while Graydon had no discipline problems, he had previously been placed on probation for one year in juvenile court for criminal mischief. She testified that she required him to work to pay for these damages. Williams stated that, other than this "minor little problem," she had never had problems with him. An exhibit showed that, on August 22, 2000, Graydon had admitted delinquency in a first-degree criminal-mischief case and had been placed on probation for one year. Williams further testified that she did not believe Graydon committed a rape, that Graydon had never been this violent before, and that he was generally a peaceful person. She also testified that Graydon is a person who generally learns his lessons and can understand what he has done wrong.

On January 29, 2003, the circuit court entered an order granting Graydon's motion to transfer the case to the juvenile division of circuit court. In its order, the court found that, "[w]hile there was a lot of blood (the victim was a virgin), there did not appear to be any evidence of severe violence or threats." The court further found that Graydon had "one prior juvenile court involvement but no evidence of a failure to be rehabilitated." The court also found that "[d]ue to the age of [Graydon] there is still a chance of rehabilitation without facing 10-40 years or life imprisonment." The court concluded that, "[u]pon a consideration of the factors enumerated in [Ark. Code Ann. § 9-27-318]," the case "should be transferred to the jurisdiction of the juvenile court system." From this order, the State filed a notice of appeal and now argues on appeal that the court's decision was clearly erroneous.

 A prosecuting attorney can charge a juvenile in the criminal division of circuit court when the case involves a juvenile at least sixteen years old and engages in conduct that would be a felony if committed by an adult. Ark. Code Ann. § 9-27-318(c)(1) (Repl. 2002). On the motion of the court or any party, the court shall conduct a hearing to determine whether to retain jurisdiction or to transfer a case. Ark. Code Ann. § 9-27-318(e) (Repl. 2002). In making the decision to retain jurisdiction or to transfer the case,

the court must consider all of the factors set forth in Ark. Code Ann. § 9-27-318(g) (Repl. 2002). Those factors are as follows:

(1) The seriousness of the alleged offense and whether the protection of society requires prosecution as an extended juvenile jurisdiction offender or in the criminal division of circuit court;

(2) Whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner;

(3) Whether the offense was against a person or property, with greater weight being given to offenses against persons, especially if personal injury resulted;

(4) The culpability of the juvenile, including the level of planning and participation in the alleged offense;

(5) The previous history of the juvenile, including whether the juvenile had been adjudicated a juvenile offender and, if so, whether the offenses were against persons or property, and any other previous history of antisocial behavior or patterns of physical violence;

(6) The sophistication or maturity of the juvenile as determined by consideration of the juvenile's home, environment, emotional attitude, pattern of living, or desire to be treated as an adult;

(7) Whether there are facilities or programs available to the judge of the juvenile division of circuit court which are likely to rehabilitate the juvenile prior to the expiration of the juvenile division of the circuit court's jurisdiction;

(8) Whether the juvenile acted alone or was part of a group in the commission of the alleged offense;

(9) Written reports and other materials relating to the juvenile's mental, physical, educational, and social history; and

(10) Any other factors deemed relevant by the court.

■■ "Upon a finding by clear and convincing evidence that a juvenile should be tried as an adult, the judge shall enter an order to that effect." Ark. Code Ann. § 9-27-318(h) (Repl. 2002). Our supreme court has recently stated that "[c]lear and convincing evidence is that degree of proof that will produce in the trier of fact a firm conviction as to the allegation sought to be established." *Otis v. State*, 355 Ark. 590, 605, 142 S.W.3d 615, 623 (2004). The

court has further stated that, in juvenile-transfer cases, it "will not reverse a trial court's determination of whether to transfer a case to juvenile court unless that decision is clearly erroneous." *Id.*

■ Here, we conclude that the circuit court's decision to transfer the case to the juvenile division of the circuit court was clearly erroneous. Appellant was charged with rape. Because the crime of rape is, by definition, a violent offense, the court's conclusion that "there did not appear to be any evidence of severe violence or threats" was clearly erroneous. *See Ring v. State*, 320 Ark. 128, 134, 894 S.W.2d 944, 947 (1995) ("We have repeatedly held that the crime of rape is by definition a violent offense. . . . Appellant's argument that the crime of rape, in order to be classified as violent, requires additional threats or physical abuse independent of the rape is wholly without merit."). Further, not only is rape by definition a violent crime, Graydon exerted violence in the commission of the crime by pulling C.W. to the porch, by pushing her and causing her to hit her head, by holding her on the ground, and by causing a tear in the vaginal area that required surgery and hospitalization.

■ We further observe that, in considering the first four factors and the eighth factor enumerated above, the alleged rape was serious; that it was committed in an aggressive, violent, premeditated, or willful manner; that the offense was against a person with personal injuries resulting; that Graydon acted alone; and that he was culpable in that he pulled her into an isolated area and ordered her stepbrother to leave, thus indicating some level of planning and his participation in the rape. The fifth factor examines the previous history of the juvenile, including whether the juvenile had been adjudicated a juvenile offender and, if so, whether the offenses were against persons or property. Here, the court found that Graydon had "one prior juvenile court involvement but no evidence of a failure to be rehabilitated." We note, however, that Graydon was adjudicated a juvenile offender for first-degree criminal mischief, which involves destruction or causing damage to property, and that there has been an increase in the seriousness of the alleged offenses, indicating a lack of rehabilitation on Graydon's part. Moreover, while the court also concluded that "[d]ue to the age of [Graydon] there is still a *chance* of rehabilitation" (emphasis added), there was no evidence submitted regarding the seventh factor, whether there are facilities or pro-

grams available that are likely to rehabilitate Graydon, who was eighteen years old at the time of the hearing, prior to the expiration of the court's jurisdiction. Given the lack of evidence to support the court's findings, we conclude that the court's decision to transfer the case to the juvenile division of circuit court was clearly erroneous.

■ Finally, we note that in response to the State's argument on appeal, Graydon argues that, rather than rape, Graydon and C.W. had a consensual sexual encounter. His argument suggests that the sufficiency of the evidence to support the rape conviction should be considered in making a decision to transfer. This suggestion, however, is erroneous. Rather, not even a showing of probable cause is required at a juvenile-transfer hearing. *Brown v. State*, 330 Ark. 603, 606-07, 954 S.W.2d 273, 274-75 (1997).

Reversed.

GRIFFEN and ROAF, JJ., agree.