Every Donnelle RICHARDSON *v.* STATE of Arkansas

CA 06-527                                            244 S.W.3d 736

Court of Appeals of Arkansas
Opinion delivered December 6, 2006
[Rehearing denied January 17, 2007.]

*William O. "Bill" James, Jr.*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Beth Carson*, Ass't Att'y Gen., for appellee.

J OHN MAUZY PITTMAN, Chief Judge. The appellant was charged in the criminal division of Pulaski County Circuit Court with five counts of committing a terroristic act arising out of acts committed when he was seventeen years and eight months of age. Appellant moved to transfer his case to the juvenile division of circuit court and for extended juvenile jurisdiction. After a hearing, the trial court denied those motions. On appeal, appellant asserts that the trial court erred in denying his motions. We affirm.

A prosecuting attorney may, in his discretion, charge a juvenile of fourteen years of age or older in the criminal division of circuit court if the juvenile engages in conduct that, if committed by an adult, would constitute a terroristic act. Ark. Code Ann. § 9-27-318(c)(2)(G) (Supp. 2005). On the motion of the court or any party, the court in which the criminal charges have been filed shall conduct a hearing to determine whether to retain jurisdiction or to transfer the case to another division of circuit court. Ark. Code Ann. § 9-27-318(e) (Supp. 2005). The court shall order the case transferred to another division of circuit court only upon a finding by clear and convincing evidence that the case should, in fact, be transferred. Ark. Code Ann. § 9-27-318(h)(2) (Supp. 2005). Clear and convincing evidence is the degree of proof that will produce in the trier of fact a firm conviction as to the allegation sought to be established. *McClure v. State*, 328 Ark. 35, 942 S.W.2d 243 (1997). We will not reverse a trial court's determination of whether to transfer a case unless that decision is clearly erroneous. *Otis v. State*, 355 Ark. 590, 142 S.W.3d 615 (2004).

In the transfer hearing, the court must consider all of the factors set forth in Ark. Code Ann. § 9-27-318(g), to wit:

(1) The seriousness of the alleged offense and whether the protection of society requires prosecution as an extended juvenile jurisdiction offender or in the criminal division of circuit court;

(2) Whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner;

(3) Whether the offense was against a person or property, with greater weight being given to offenses against persons, especially if personal injury resulted;

(4) The culpability of the juvenile, including the level of planning and participation in the alleged offense;

(5) The previous history of the juvenile, including whether the juvenile had been adjudicated a juvenile offender and, if so, whether the offenses were against persons or property, and any other previous history of antisocial behavior or patterns of physical violence;

(6) The sophistication or maturity of the juvenile as determined by consideration of the juvenile's home, environment, emotional attitude, pattern of living, or desire to be treated as an adult;

(7) Whether there are facilities or programs available to the judge of the juvenile division of circuit court which are likely to rehabilitate the juvenile prior to the expiration of the juvenile division of the circuit court's jurisdiction;

(8) Whether the juvenile acted alone or was part of a group in the commission of the alleged offense;

(9) Written reports and other materials relating to the juvenile's mental, physical, educational, and social history; and

(10) Any other factors deemed relevant by the court.

Although the court must make written findings on all of the ten enumerated factors in deciding whether or not to transfer the case, Ark. Code Ann. § 9-27-318(g), proof need not be introduced against the juvenile on each factor, and the trial court is not required to give equal weight to each of the statutory factors in arriving at its decision. *Otis v. State, supra.*

The evidence adduced at the hearing, testimonial, documentary, and photographic, shows that Interstate 630 traverses a double-line railroad near West 8th and Thayer Streets in Little Rock. The interstate highway crosses the railroad tracks by a viaduct consisting of two separate spans, one bearing the eastbound lanes of traffic, the other bearing the westbound lanes. A gap several feet in width lies between the two spans. The western end of the viaduct terminates in a sloping concrete embankment. By climbing the embankment, one can ascend to street level at the point where the two spans of the viaduct reunite. There is, at this point, a small niche in the median between the eastbound and westbound lanes of traffic protected by concrete barriers several feet high. The crimes with which appellant was charged were

committed by climbing the embankment to that niche and hurling concrete boulders horizontally into the path of traffic moving at highway speed immediately adjacent to the protected niche.

Appellant admitted that, to alleviate his boredom, he climbed the embankment to the niche and deliberately hurled pieces of concrete at passing vehicles. Two vehicles were struck. Photographs of the first vehicle show a windshield that is cracked, but not broken. The windshield also bears a deep crater, approximately the size of a man's hand, adjacent to the roofline near the location of the rearview mirror. The driver did not stop, and he, his wife, and their six-month-old child were not injured. Appellant stated that, after he heard the concrete strike the first vehicle, he continued to hurl pieces of concrete into the path of oncoming traffic and next struck a westbound maroon-colored vehicle. The six-inch long, six pound concrete boulder penetrated the windshield of the maroon vehicle at head-level, directly in front of the steering wheel. The driver, Mrs. Carolyn Mirek, was killed; her teenage daughter survived. Appellant saw the concrete strike Mrs. Mirek's vehicle and fled when he saw the ensuing wreck.

Appellant stated that, although he was accompanied by two friends, his friends did not throw anything and were simply spectators. Photographs of the scene show that large pieces of concrete were plentiful at the base of the embankment near the railroad tracks but that no such objects were present in the protected niche.·

There was no evidence that appellant had previously been adjudicated a juvenile offender, but there was testimony that appellant engaged in antisocial behavior, such as killing a neighbor's cat by hanging it in a tree; repeated truancy despite juvenile-court intervention; illegal drug use; destruction of his mother's property in retaliation for punishment; and allegations of assault. In addition, there was evidence that appellant craved attention and habitually broke rules in order to get it. With regard to the possibility of rehabilitation, the record shows that appellant had already received numerous services intended to correct his behavior, including counseling at the Arkansas Child Study Center, and placement in an alternative learning center and the Job Corps. In addition, appellant attended day school at Rivendell for more than four years, where he received counseling for anger management and impulse control. Although Rivendell's program manager, Mario Ross, testified that appellant did well in the structured environment provided by that institution, he conceded that,

although appellant was in the day-school program for a much longer period of time than was usual, he was unable to graduate. Mr. Ross testified that appellant did well academically but that, although it attempted to do so to the best of its ability, Rivendell was unable to correct appellant's misbehavior. Finally, there was testimony by a Pulaski County juvenile probation officer, Monica Allison, that appellant had been offered counseling in the context of his truancy case but that he declined, saying that counseling was a waste of time. She also stated that the counseling available through juvenile court was no different than the private counseling provided by Rivendell and that juvenile jurisdiction over appellant would expire when appellant reached twenty-one years of age. Appellant's age at the time of this writing is approximately nineteen years and two months.

■ Appellant argues that there was "no evidence to substantiate the serious and violent nature of the charges," or that "appellant committed the alleged offenses in an aggressive, violent, premeditated, or willful manner," or that the appellant committed an offense against persons or property. These arguments are frivolous. No argument has been or can be made to support these bare assertions. The evidence does not, as appellant's counsel suggests, depict a childish incident of rock-throwing that ended in unforeseeable tragedy. To the contrary, the evidence adduced at the hearing is sufficient to support a finding that appellant, when almost eighteen years of age, deliberately carried large pieces of concrete from below the viaduct to a protected niche with the intent to hurl them at oncoming traffic; that appellant struck one vehicle with such a projectile and was aware that he struck it; and that appellant thereafter continued to hurl boulders in the path of oncoming vehicles until Mrs. Mirek was killed. The need to protect society from lethal acts of violence directed against complete strangers for the sole purpose of providing amusement to the perpetrator is manifest. There is undisputably sufficient evidence to satisfy the first three factors enumerated in Ark. Code Ann. § 9-27-318(g).

■ Sufficient evidence to support the trial court's findings regarding the fourth and eighth factors is found in appellant's admission that he was the only person hurling the pieces of concrete at vehicles, and in the reasonable inference to be drawn from the photographs that appellant carried the concrete boulders up the embankment, indicating planning and premeditation. Al-

though appellant was accompanied by friends, the evidence, including appellant's own testimony, reasonably supports the conclusion that his friends were mere spectators.

With regard to the fifth factor, the evidence of appellant's killing of a neighbor's cat by hanging, destruction of his mother's property in retaliation for discipline, and charges of assault amply supports the trial court's finding that there were some indications of previous antisocial behavior. Likewise, with respect to the seventh factor, the evidence that the extensive services provided to appellant for more than four years were identical to those available to the juvenile court for rehabilitation, and that those services had not been effective in modifying appellant's behavior, support the trial court's finding that it is not likely that appellant would be rehabilitated in the short time remaining before juvenile court jurisdiction expired.

The sole finding by the trial court favoring transfer to juvenile division was made in connection with the sixth factor, which concerns itself with the sophistication and maturity of the juvenile. The trial court found that appellant's level of sophistication was low and that he was immature. However, the supreme court has repeatedly stated that the trial court is not required to give equal weight to each of the statutory factors, and a juvenile's lack of maturity, standing alone, does not mandate transfer to juvenile division. *See Otis v. State, supra.* We hold that the trial court did not err in denying appellant's motion to transfer.

Appellant asserts that the same factors enter into a decision to grant extended juvenile jurisdiction as are considered regarding a motion to transfer pursuant to Ark. Code Ann. § 9-27-318(g),[1] and argues that extended juvenile jurisdiction should have been granted because appellant is likely to be rehabilitated by the programs available through the juvenile division of circuit court. Insomuch as we have held that the trial court properly found that appellant is not likely to benefit from rehabilitation, this argument lacks merit.

Affirmed.

GRIFFEN and GLOVER, JJ., agree.

---

[1] The factors to be considered in an extended juvenile jurisdiction designation hearing differ only slightly; they are set out at Ark. Code Ann. § 9-27-503(c) (Repl. 2002).