337 S.W.3d 547 (2009)
2009 Ark. App. 583
R.F.R., Appellant,
v.
STATE of Arkansas, Appellee.
No. CA 08-1498.
Court of Appeals of Arkansas.
September 9, 2009.
*548 Dick Jarboe, Walnut Ridge, for appellant.
Dustin McDaniel, Att'y Gen., by: LeaAnn J. Irvin, Ass't Att'y Gen., for appellee.
WAYMOND M. BROWN, Judge.
Appellant R.F.R. appeals from a decision of the Lawrence County Circuit Court denying his motion to transfer his criminal case to juvenile court. Appellant was charged by information on May 24, 2007, with criminal attempted rape and sexual assault in the second degree arising out of acts committed when he was sixteen years of age. After a hearing, the trial court denied appellant's motion to transfer. This appeal followed. Appellant contends that the trial court erred by denying his motion to transfer to juvenile court. We find no error and affirm.
On March 18, 2008, appellant filed a motion to transfer to juvenile court. A transfer hearing was held on September 15, 2008. Criminal Investigator Stan Finley of the Lawrence County Sheriffs Department testified that he took a statement from the alleged victim following the assault by appellant. According to Finley, the victim told him that the assault took place on May 17, 2007, at her house. Appellant knocked on the victim's door and tried to push his way in as she opened the door. The victim and appellant ended up in the victim's brother's room, where the assault took place. The victim indicated that appellant did not use any weapons, nor did appellant strike or threaten her.
On cross, Finley stated that "the physical altercation was [appellant's] hands on grabbing her wrist and pinning her to the bed and forcibly keeping her on the bed with his hands and his upper body." Finley testified that appellant's initial contact with the victim was when he grabbed her by the wrist, threw her on the bed, and pinned her to the bed. Finley stated that appellant was able to hold the victim's wrist with one hand and able to unbutton her shirt with his other hand, exposing her breasts. Appellant then began kissing the victim on her lips, cheek, neck, and nipples. The victim repeatedly asked appellant to stop and leave; however, appellant continued kissing her. The victim could only kick her legs to try to get appellant off of her. Appellant eventually tried to unbutton the victim's pants and pull them down. The victim was finally able to free one of her arms and grab her pants. Finley further testified:
[W]hen she was trying to stand up he grabbed her and pulled her back down on the bed. While doing so she lost her balance and was off the bed. She let *549 her pants go to catch her fall and when that happened he was able to pull her pants down to almost her ankles. . . . [H]e pulled her back on the bed, she was lying flat on her back and he got on his knees between her legs with her pants pulled down and he was trying to pull her panties down but she had a good firm grip on her panties so he wasn't successful in pulling her panties down. He did pull out his penis and he made a forward motion toward her upper body and face. She was fighting him off and turning away and then he started rubbing his penis on her stomach. . . . He then started rubbing his penis on the outside of her panties and vaginal area. She was still telling him to stop that her mom was about to come home. He quit rubbing it on the vaginal area and then he started masturbating and he masturbated for a little bit and then he ejaculated and his sperm landed on her shirt and a part of her pants. . . . Once he ejaculated he stood up and smiled at her and then left.
According to Finley, the victim immediately called her mother, who instructed her to go next door to their neighbor's house. The victim changed clothes and went next door. Once at the neighbor's house, the victim called her mother and her mother informed the neighbor about what had just taken place. Appellant showed up at the neighbor's house a short time later and was run off by the neighbor. Upon further examination, Finley stated that the victim and appellant went into her brother's room to play video games; however, the assault occurred immediately after going into the room. Finley testified that the victim had a red mark on her neck and right breast. He also stated that the victim's statement corroborated her injuries.
Lynn Rider, appellant's mother, testified that she had never observed anything in appellant's behavior that would suggest that he had a sexual problem. She also stated that appellant had never physically hurt anyone in their family.
On cross, she stated that there was an allegation of rape against appellant approximately a year prior to this incident. According to the statement taken in the previous incident, appellant was accused of physically assaulting and sexually abusing a girl in a classroom at Black Rock High School.
On redirect, Mrs. Rider stated that she believed that the allegations against appellant were true. She also stated that she thought appellant could benefit more from rehabilitation than from going to prison.
Captain Jody Dotson of the Lawrence County Criminal Division testified that he had investigated the incident that occurred at Black Rock High School in 2006. He stated that appellant first claimed that everything was consensual, but he eventually admitted to pulling the girl into the room, forcing her down, and making her perform oral sex on him. Appellant also admitted that he made the girl show him her breasts before he allowed her to leave the room. Dotson stated that appellant said that he was wrong and that he was sorry about the 2006 incident.
On cross, Dotson stated that the girl from Black Rock had bruising and scrapes on her arm but that she stated it happened when her arm was scraped on the door.
The trial court entered an order on October 6, 2008, denying appellant's motion to transfer. The order stated in pertinent part:
2. The Court denies the Defendant's motion for transfer based on the following factors:

*550 A) The seriousness of the alleged offenses;
B) The alleged offense was committed against a person;
C) The previous history of the juvenile specifically that the Defendant had confessed to committing a violent sex crime in 2006[;]
D) The juvenile acted alone in the commission of the alleged offense.
Appellant filed a timely notice of appeal arguing that the trial court was clearly erroneous.
A prosecuting attorney has the discretion to charge a juvenile sixteen years of age or older in the juvenile or criminal division of circuit court if the juvenile has allegedly engaged in conduct that, if committed by an adult, would be a felony. Ark.Code Ann. § 9-27-318(c)(1) (Repl.2008). On the motion of the court or any party, the court in which the criminal charges have been filed shall conduct a hearing to determine whether to transfer the case to another division of circuit court. Ark.Code Ann. § 9-27-318(e). The court shall order the case transferred to another division of circuit court only upon a finding by clear and convincing evidence that the case should be transferred. Ark.Code Ann. § 9-27-318(h)(2). Clear and convincing evidence is the degree of proof that will produce in the trier of fact a firm conviction as to the allegation sought to be established. Richardson v. State, 97 Ark.App. 52, 244 S.W.3d 736 (2006). We will not reverse a trial court's determination of whether to transfer a case unless that decision is clearly erroneous. Id. In the transfer hearing, the court must consider all of the following factors set forth in Ark.Code Ann. § 9-27-318(g) (Repl.2008):
(1) The seriousness of the alleged offense and whether the protection of society requires prosecution in the criminal division of circuit court;
(2) Whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner;
(3) Whether the offense was against a person or property, with greater weight being given to offenses against persons, especially if personal injury resulted;
(4) The culpability of the juvenile, including the level of planning and participation in the alleged offense;
(5) The previous history of the juvenile, including whether the juvenile had been adjudicated a juvenile offender and, if so, whether the offenses were against persons or property, and any other previous history of antisocial behavior or patterns of physical violence;
(6) The sophistication or maturity of the juvenile as determined by consideration of the juvenile's home, environment, emotional attitude, pattern of living, or desire to be treated as an adult;
(7) Whether there are facilities or programs available to the judge of the juvenile division of circuit court that are likely to rehabilitate the juvenile before the expiration of the juvenile's twenty-first birthday;
(8) Whether the juvenile acted alone or was part of a group in the commission of the alleged offense;
(9) Written reports and other materials relating to the juvenile's mental, physical, educational, and social history; and
(10) Any other factors deemed relevant by the judge.
The court must make written findings on all ten enumerated factors in deciding whether or not to transfer the case, Ark. Code Ann. § 9-27-318(g) and (h)(1),[1] but *551 proof need not be introduced against the juvenile on each factor, and the circuit court is not required to give equal weight to each of the statutory factors in arriving at its decision. See Magana-Galdamez v. State, 104 Ark.App. 280, 291 S.W.3d 203 (2009).
Appellant now argues, citing Thompson v. State, 330 Ark. 746, 958 S.W.2d 1 (1997), that the denial of his motion to transfer must be reversed because there was no evidence to substantiate the serious and violent nature of the charges of attempted rape and second degree sexual assault set forth in the information. In Thompson, the juvenile was charged with aggravated assault, kidnapping, and theft of property. In that case, the State did not call any witnesses, and instead relied upon the allegations set forth in the information. In Thompson, our supreme court held, "If the State can merely rest upon the allegations in the information that the crime was violent and serious, there is no need to have such a hearing. . . . Hence, we hold that from the date of this opinion forward, there must be some evidence to substantiate the serious and violent nature of the charges contained in the information." 330 Ark. at 751, 958 S.W.2d at 3.
In the present case, Investigator Finley testified about the information he obtained from the victim prior to securing an arrest warrant for appellant. He also stated that the injuries on the victim were consistent with her statement. There was also evidence introduced showing that this was not the first time appellant had been charged with committing a sexual crime.
Rape by definition is a violent offense, which requires no additional threats or physical abuse. See State v. Graydon, 86 Ark.App. 319, 184 S.W.3d 476 (2004) (citing Ring v. State, 320 Ark. 128, 134, 894 S.W.2d 944, 947 (1995)). However, it should be noted that appellant employed additional violence in the commission of the crime by grabbing the victim, pushing her on the bed, holding her wrists with his hands, and lying on top of her to prevent her from moving. Further, our supreme court has held that a juvenile may still be tried as an adult solely because of the serious and violent nature of the offense. See Otis v. State, 355 Ark. 590, 142 S.W.3d 615 (2004).
Appellant draws this court's attention to the statement made by the lower court concerning the strength of the proof. By doing so, appellant erroneously suggests that the sufficiency of the evidence to support the attempted rape and sexual assault convictions should be considered in making a decision to transfer. Rather, not even a showing of probable cause is required at a juvenile-transfer hearing. See Graydon, supra.
Appellant also argues that there is still time to invoke the extended jurisdiction available under the juvenile code. However, this issue was not raised below and cannot be raised on appeal. We have held that even constitutional issues will not be heard for the first time on appeal. See Williams, supra.
Here the age factor, the fact that rape is a serious allegation and a violent offense against a person, and appellant's prior history of sexual assault is sufficient to support the trial court's decision to retain *552 jurisdiction. We cannot say that denying appellant's motion to transfer to juvenile court was clearly erroneous.
Affirmed.
ROBBINS and GRUBER, JJ., agree.
NOTES
[1] In this case, the trial court did not make written findings on all of the factors set forth in Ark.Code Ann. § 9-27-318(g). However, appellant never made this argument of noncompliance with the mandatory statutory provisions, either to the trial court or to this court. Therefore, this argument is deemed to have been waived. See Williams v. State, 96 Ark.App. 160, 239 S.W.3d 44 (2006) (citing Box v. State, 71 Ark.App. 403, 30 S.W.3d 754 (2000)).