SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–15–298

|  |  |
|---|---|
| | **Opinion Delivered**  October 7, 2015 |
| ROBERT CHANDLER HARRIS<br>APPELLANT | APPEAL FROM THE PULASKI<br>COUNTY CIRCUIT COURT,<br>FIRST DIVISION |
| V. | [NO. 60-CR-14-2919] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE LEON JOHNSON,<br>JUDGE |
| | REMANDED WITH<br>INSTRUCTIONS |

## WAYMOND M. BROWN, Judge

Appellant Robert Harris appeals from the trial court's denial of his motion to transfer his case to the juvenile division of circuit court. He argues that the trial court's findings regarding Arkansas Code Annotated sections 9-27-318(g)(1) and (7) were clearly erroneous. We remand.

A prosecuting attorney has the discretion to charge a juvenile sixteen years of age or older in the criminal division of circuit court if the juvenile has allegedly engaged in conduct that, if committed by an adult, would be a felony.[1] On the motion of the court or any party, the court in which the criminal charges have been filed shall conduct a hearing to determine

---

[1] Ark. Code Ann. § 9-27-318(c)(1) (Repl. 2009).

SLIP OPINION

whether to transfer the case to another division of circuit court having jurisdiction.[2]   The

defendant, as the moving party, bears the burden of proving that his or her case should be

transferred to the juvenile division of circuit court.[3]  The court shall order the case transferred

to another division of circuit court only upon a finding by clear and convincing evidence that

the case should be transferred.[4]  Clear and convincing evidence is the degree of proof that will

produce in the trier of fact a firm conviction as to the allegation sought to be established.[5]  We

will not reverse a circuit court's determination of whether to transfer a case unless that

decision is clearly erroneous.[6]  A finding is clearly erroneous when, although there is evidence

to support it, the reviewing court on the entire evidence is left with a firm conviction that a

mistake has been committed.[7]

At a juvenile-transfer hearing the circuit court must consider and issue written findings

on the following factors:

(1) The seriousness of the alleged offense and whether the protection of society requires prosecution in the criminal division of circuit court;

(2) Whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner;

---

[2] Ark. Code Ann. § 9–27–318(e).

[3] *See Magana-Galdamez v. State*, 104 Ark. App. 280, 291 S.W.3d 203 (2009).

[4] Ark. Code Ann. § 9–27–318(h)(2).

[5] *Lewis v. State*, 2011 Ark. App. 691.

[6] *Id.*

[7] *Id.*

(3) Whether the offense was against a person or property, with greater weight being given to offenses against persons, especially if personal injury resulted;

(4) The culpability of the juvenile, including the level of planning and participation in the alleged offense;

(5) The previous history of the juvenile, including whether the juvenile had been adjudicated a juvenile offender and, if so, whether the offenses were against persons or property, and any other previous history of antisocial behavior or patterns of physical violence;

(6) The sophistication or maturity of the juvenile as determined by consideration of the juvenile's home, environment, emotional attitude, pattern of living, or desire to be treated as an adult;

(7) Whether there are facilities or programs available to the judge of the juvenile division of circuit court that are likely to rehabilitate the juvenile before the expiration of the juvenile's twenty-first birthday;

(8) Whether the juvenile acted alone or was part of a group in the commission of the alleged offense;

(9) Written reports and other materials relating to the juvenile's mental, physical, educational, and social history; and

(10) Any other factors deemed relevant by the judge.[8]

The circuit court does not have to give equal weight to each factor.[9] Our supreme court has held that although the trial court must consider all of the factors enumerated in Arkansas Code Annotated section 9-27-318(g), it is not required to make written findings with regard to all of those factors.[10]

---

[8]Ark. Code Ann. § 9-27-318(g).

[9]*Neal v. State*, 2010 Ark. App. 744, 379 S.W.3d 634.

[10]*Beulah v. State*, 344 Ark. 528, 42 S.W.3d 461 (2001).

Here, the order entered by the trial court is nothing more than a form of the statutory factors listed above. To the left of eight out of ten factors, the court has placed a check mark.[11] However, where the court is given the option between two things in a factor, for instance, if the crime is against a person or property, there is nothing indicated. In fact, the only finding the court made was that it had jurisdiction.[12] Because the court has failed to make any findings as required by the statute, we remand with instructions to enter an order consistent with the statute.

Remanded with instructions.

ABRAMSON and HARRISON, JJ., agree.

*Willard Proctor, Jr., P.A.*, by: *Willard Proctor, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.

---

[11]One of which no evidence was offered.

[12]This finding was in relation to a jurisdictional challenge by the appellant and is not at issue in this appeal.