SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR–15–369

| | |
|---|---|
| TRACY BROWN<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** October 21, 2015<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION<br>[NO. 60CR-14-765]<br><br>HONORABLE BARRY SIMS, JUDGE<br><br>REMANDED WITH INSTRUCTIONS |

**RAYMOND R. ABRAMSON, Judge**

Appellant Tracy Brown appeals from the trial court's denial of his motion to transfer his case to the juvenile division of circuit court. He argues that the trial court's denial of his motion to transfer was not in compliance with Arkansas Code Annotated section 9-27-318 (h)(1). We remand.

It is within a prosecuting attorney's discretion to charge a juvenile in either the juvenile or criminal division of circuit court if a juvenile is at least sixteen years old when he allegedly engages in conduct that, if committed by an adult, would be a felony. Ark. Code Ann. § 9-27-318(c)(1) (Repl. 2009). On the motion of the court or any party, the court in which the charges have been filed shall conduct a transfer hearing to determine whether to transfer the case to another division of circuit court. Ark. Code Ann. § 9-27-318(e). The moving party

SLIP OPINION

bears the burden of proving that the case should be transferred to the juvenile division of circuit court. *Miller v. State*, 2015 Ark. App. 117, 456 S.W.3d 761.

The court shall order the case transferred to another division of circuit court only upon a finding by clear and convincing evidence that the case should be transferred. Ark. Code Ann. § 9-27-318(h)(2). Clear and convincing evidence is the degree of proof that will produce in the trier of fact a firm conviction as to the allegation sought to be established. *R.W.G. v. State*, 2014 Ark. App. 545, 444 S.W.3d 376. We will not reverse a circuit court's determination of whether to transfer a case unless that decision is clearly erroneous. *Id.*

Arkansas Code Annotated section 9-27-318(g) sets forth all the factors the court shall consider in a transfer hearing:

(1) The seriousness of the alleged offense and whether the protection of society requires prosecution in the criminal division of circuit court;

(2) Whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner;

(3) Whether the offense was against a person or property, with greater weight being given to offenses against persons, especially if personal injury resulted;

(4) The culpability of the juvenile, including the level of planning and participation in the alleged offense;

(5) The previous history of the juvenile, including whether the juvenile had been adjudicated a juvenile offender and, if so, whether the offenses were against persons or property, and any other previous history of antisocial behavior or patterns of physical violence;

(6) The sophistication or maturity of the juvenile as determined by consideration of the juvenile's home, environment, emotional attitude, pattern of living, or desire to be treated as an adult;

SLIP OPINION

(7) Whether there are facilities or programs available to the judge of the juvenile division of circuit court that are likely to rehabilitate the juvenile before the expiration of the juvenile's twenty-first birthday;

(8) Whether the juvenile acted alone or was part of a group in the commission of the alleged offense;

(9) Written reports and other materials relating to the juvenile's mental, physical, educational, and social history; and

(10) Any other factors deemed relevant by the judge.

The trial court is required to make written findings on all the above factors. Ark. Code Ann. § 9-27-318(h)(1). However, there is no requirement that proof be introduced against the juvenile on each factor, and the circuit court is not obligated to give equal weight to each of these factors in determining whether a case should be transferred. *Neal v. State*, 2010 Ark. App. 744, 378 S.W.3d 634.

Here, the court failed to make written findings on any of the factors identified in Arkansas Code Annotated section 9-27-318(g). Just as was the case in our recent decision in *Harris v. State*, 2015 Ark. App. 565, the order entered by the trial court is nothing more than a form of the statutory factors listed above. To the left of seven of the ten factors, the court has, without any elaboration, simply put a check mark. This does not constitute written findings. Accordingly, we remand the case with instructions to enter an order consistent with the statute.

Remanded with instructions.

HARRISON and BROWN, JJ., agree.

*Willard Proctor, Jr., P.A.*, by: *Willard Proctor, Jr.*, for appellant.
*Leslie Rutledge*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.

3