

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–15–790

| | |
|---|---|
| | **OPINION DELIVERED** MARCH 30, 2016 |
| DEVIN MICHAEL HARDIN<br>APPELLANT | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR-15-82A-3] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE GRISHAM A. PHILLIPS JUDGE |
| | AFFIRMED |

## ROBERT J. GLADWIN, Chief Judge

Appellant Devin Hardin appeals the June 5, 2015 order of the Saline County Circuit Court that denied his motion to transfer his case to juvenile court. He argues that the circuit court erred in denying his motion to transfer his case to juvenile court or in not designating and disposing of his case under the provisions of the Extended Juvenile Jurisdiction Act (EJJA). We affirm.

### I. *Facts*

On February 11, 2015, appellant, d/o/b July 5, 1997, was charged by felony information as an adult in the criminal division of circuit court with aggravated robbery, a Class Y felony, terroristic act, a Class B felony, and aggravated assault, a Class D felony, allegedly committed on December 20, 2014, when he was seventeen years old. Appellant moved to have the charges transferred to the juvenile division of circuit court, for treatment either as a juvenile-delinquency case or, in the alternative, to have his case disposed of under

the provisions of the EJJA. The State filed a response opposing the motion, and the case proceeded to a hearing on June 1, 2015.

At the hearing, testimony by police officers, juvenile officers, a Department of Youth Services (DYS) worker, and appellant's father was presented, and exhibits were admitted into evidence, including appellant's Family in Need of Services (FINS) records, juvenile court records, DYS reports, and documents regarding current charges appellant is facing as an adult. At the conclusion of the hearing, the circuit court heard arguments of counsel on the motions and ruled that both of appellant's pleadings seeking to have the case resolved in juvenile court as either a juvenile-delinquency or EJJA case would be denied and that he could continue to be prosecuted as an adult. A formal order with written findings denying appellant's motion was filed on June 5, 2015, and a timely notice of appeal from the order denying the motions was filed on July 2, 2015.

## II. *Standard of Review and Applicable Law*

A decision denying a motion to transfer will be reversed only if it is clearly erroneous. *Brown v. State*, 2015 Ark. App. 570. It is within a prosecuting attorney's discretion to charge a juvenile in either the juvenile or criminal division of circuit court if a juvenile is at least sixteen years old when he or she allegedly engages in conduct that, if committed by an adult, would be a felony. *Id.*; Ark. Code Ann. § 9-27-318(c)(1) (Repl. 2015). On the motion of the court or any party, the court in which the charges have been filed shall conduct a transfer hearing to determine whether to transfer the case to another division of circuit court. *Brown*, *supra*; Ark. Code Ann. § 9-27-318(e). The moving party bears the burden of proving that

the case should be transferred to the juvenile division of circuit court. *Brown, supra*; *Miller v. State*, 2015 Ark. App. 117, 456 S.W.3d 761.

The circuit court shall order the case transferred to another division only upon a finding by clear and convincing evidence that the case should be transferred. *Brown, supra*; Ark. Code Ann. § 9-27-318(h)(2). Clear and convincing evidence is the degree of proof that will produce in the trier of fact a firm conviction as to the allegation sought to be established. *Brown, supra*; *R.W.G. v. State*, 2014 Ark. App. 545, 444 S.W.3d 376.

Arkansas Code Annotated section 9-27-318(g) sets forth all the factors the court shall consider in a transfer hearing:

> (1) The seriousness of the alleged offense and whether the protection of society requires prosecution in the criminal division of circuit court;
> (2) Whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner;
> (3) Whether the offense was against a person or property, with greater weight being given to offenses against persons, especially if personal injury resulted;
> (4) The culpability of the juvenile, including the level of planning and participation in the alleged offense;
> (5) The previous history of the juvenile, including whether the juvenile had been adjudicated a juvenile offender and, if so, whether the offenses were against persons or property, and any other previous history of antisocial behavior or patterns of physical violence;
> (6) The sophistication or maturity of the juvenile as determined by consideration of the juvenile's home, environment, emotional attitude, pattern of living, or desire to be treated as an adult;
> (7) Whether there are facilities or programs available to the judge of the juvenile division of circuit court that are likely to rehabilitate the juvenile before the expiration of the juvenile's twenty-first birthday;
> (8) Whether the juvenile acted alone or was part of a group in the commission of the alleged offense;
> (9) Written reports and other materials relating to the juvenile's mental, physical, educational, and social history; and
> (10) Any other factors deemed relevant by the judge.

A circuit court is required to make written findings on all of the above factors. Ark. Code Ann. § 9-27-318(h)(1). However, there is no requirement that proof be introduced against the juvenile on each factor, and the circuit court is not obligated to give equal weight to each of these factors in determining whether a case should be transferred. *Neal v. State*, 2010 Ark. App. 744, 379 S.W.3d 634.

### III.  *Denial of Appellant's Motion to Transfer Case to Juvenile Court*

Appellant argues that the circuit court erred in not granting his motion to transfer his case to juvenile court to be resolved as a juvenile case. Appellant submits that he was an accomplice to the offenses with which he was charged and was not the principal actor. He was accompanied by an adult with respect to all offenses with which he was charged. Appellant notes that he did not have a serious juvenile history—dispositions in a FINS case and juvenile offenses, but only minor misdemeanors—however, he acknowledges that he was ultimately committed to DYS. No personal injury resulted to anyone during these incidents, and the acts were spontaneous and not the result of elaborate planning. Appellant argues that he should have had his case transferred to juvenile court because, although he had been to DYS before, he responded well to a structured environment and had no problems while there. His case manager at the DYS facility testified that he completed all of his programs, accomplished all of his goals, and did very well while at the DYS facility. Appellant urges that he deserved of another chance to be treated within the juvenile system, especially considering the fact that he faces a minimum of seven years' imprisonment for his most serious charge of aggravated robbery, a Class Y felony.

We disagree and hold that appellant's arguments do not demonstrate that the circuit court clearly erred by denying his motion to transfer his case to the juvenile division. Although the circuit court noted in its order that appellant committed his offenses with an accomplice, that his delinquency adjudications were for misdemeanors, that none of his victims had been physically injured, and that he had good educational reports and "no major or minor disciplinary incidents" while committed to DYS, the circuit court nonetheless concluded that other evidence bearing on the statutory factors weighed against granting his motion to transfer his case to the juvenile division. Evidence supporting that finding includes (1) his alleged participation in premeditated and serious crimes of violence against persons for which he had some part in planning, (2) his history of failing to comply with juvenile-division orders, and (3) his prior participation in every program available in juvenile court (except inpatient rehabilitation). The circuit court did not ignore evidence that appellant cites in support of his motion; it simply weighed the evidence differently than appellant requested.

It is well established that the weight afforded to each of the statutory factors and its supporting evidence is within the province of the circuit court. *See, e.g.*, *D.A.S. v. State*, 2010 Ark. App. 144. Appellant's disagreement with how the evidence was weighed provides no basis for reversal, and the circuit court's denial of his motion to transfer to the juvenile division is affirmed.

IV.  *Refusal to Designate/Dispose of Case Under the Provisions of the EJJA*

For his second point of error, appellant contends that the circuit court erred in not designating and disposing of his case under the provisions of the EJJA. It has been noted that

the factors for consideration of whether a case should be transferred to juvenile court or treated as an EJJA case are essentially the same and vary only slightly. *See Richardson v. State*, 97 Ark. App. 52, 244 S.W.3d 736 (2007); *see also* Ark. Code Ann. § 9-27-503. With respect to the standard of review concerning whether to treat a case as an EJJA case, it is reviewed under the same clearly-erroneous standard as whether the case should be transferred to juvenile court. *Richardson, supra.* For all of the reasons set forth in support of appellant's argument that his case should have been transferred to juvenile court, he also claims that his case should have been treated and disposed of in accordance with the provisions of the EJJA.

We find no merit in appellant's argument. Because the circuit court determined that appellant's case should remain in the criminal division, any claim about an EJJA designation is moot, because an EJJA designation applies only when a case is pending in the juvenile division. *See, e.g.*, *M.R.W. v. State*, 2012 Ark. App. 591, 424 S.W.3d 355. That limited application also explains why appellant's claim premised on section 9-27-503(e)—that it mandated that his case be treated as a juvenile case when his request that his case be treated as an EJJA case was denied—is incorrect. In *J.S. v. State*, 2009 Ark. App. 710, at 5, 372 S.W.3d 370, 373, this court explained that

> there can be no EJJ[A] designation unless the case either is already in the juvenile division or is transferred to the juvenile division. Subsection [9-27-]503(e) states that if the court denies the requested EJJ[A] designation, then it shall "proceed with the case as a delinquency proceeding." Clearly, this presupposes that, before a request for designation is considered, the case is in the juvenile division.

Because the circuit court denied his request to transfer his case to the juvenile division, appellant's claims that his case should have been treated as an EJJA case are meritless. Accordingly, we affirm.



Affirmed.

HARRISON and WHITEAKER, JJ., agree.

*J. Brent Standridge*, Saline County Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.