TURKEY EXPRESS, INC. v. SKELTON MOTOR CO., INC, ET AL

5-4902                                          439 S.W. 2d 923

Opinion Delivered April 21, 1969
[Rehearing denied May 26, 1969.]

*James O. Burnett* for appellant.

*Wade McAllister* (for appellee Phipps d/b/a Lawrence's Garage) and *Crouch, Blair, Cypert & Waters* (for appellee Skelton Motors).

CONLEY BYRD, Justice.    Appellant Turkey Express, Inc. sued appellees Skelton Motor Co., Inc. and Lawrence K. Phipps d/b/a Lawrence's Garage in tort for damages to appellant's truck and trailer and the turkeys thereon as a result of appellees' alleged negligence in connection with removal of appellant's truck and trailer from a ditch near Jane, Missouri.   The jury, which has been instructed on the contributory negligence law of Missouri, found the issues in favor of appellees.   For reversal, appellant relies on the following points:

1. The trial court erred in applying to this litigation the conflict of laws rule of *Lex Loci Delicti,* or the law of the place of harm.

2. The trial court erred in not sustaining the appellant's objection that only the law of Arkansas should be applied in this case.

The appellees contend that appellant is not entitled to prevail here because it obtained no ruling of the trial

court on the issues now raised nor made any objections to the instructions submitted to the jury.

The record shows that pursuant to the Uniform Interstate and International Procedure Act, Ark. Stat. Ann. § 27-2504 (Supp. 1967), Skelton Motor Co., Inc. gave notice of its intent to apply the contributory negligence law of Missouri. Thereafter, appellant filed an instrument called a "reply" as follows:

> "Comes now the plaintiff, Turkey Express, Inc., and in reply to the motion of Skelton Motor Company, Inc. that the law of the State of Missouri should be applied in the above-styled cause, the plaintiff states as follows, to-wit:
>
> (1) That only the law of the State of Arkansas should be applied in this case.
>
> (2) That the law of Contributory Negligence, specifically Ark. Stat. Ann. §27-1730.1 and § 27-1730.2, is procedural and therefore the law of the forum should be applied.
>
> (3) That all of the parties to this lawsuit are residents of the State of Arkansas and all of the contacts of facts and issues are with the State of Arkansas."

When this matter came on for trial the testimony was taken and the jury was instructed with reference to the law of contributory negligence without objection by appellant and without appellant ever having sought a ruling on its "reply" set out above.

By this appeal appellant asks us to review the *lex loci delicti* rule applied for many years in transitory tort actions. It argues that the law of the place which had the most significant contacts with the matter in dispute should be applied. See Leflar, *Choice-Influencing Con-*

*sideration in Conflicts law,* 41 N.Y.U.L. Rev. 267 (1966). However, we do not reach appellant's arguments because under our procedure, Ark. Stat. Ann. § 27-1762 and § 27-2154 (Repl. 1962), we will not review an alleged erroneous ruling or order unless a party makes known to the trial court the action which he desires the court to take or his objections to the action of the court and his grounds therefor. Here the record fails to show that appellant requested any such ruling or made any objections to the instructions submitting the issue of contributory negligence. For this reason we affirm the action of the trial court.

Affirmed.