Cecil Ray JEFFERS *v.* STATE of Arkansas

CR 79-213                      595 S.W. 2d 687

Supreme Court of Arkansas

Opinion delivered March 31, 1980

*Thomas L. Cashion,* for appellant.

*Steve Clark,* Atty. Gen., by: *Mary Davies Scott,* Asst. Atty. Gen., for appellee.

RICHARD L. MAYS, Justice. A jury in Ashley County found appellant, Cecil Ray Jeffers, guilty of breaking and entering, theft of property and rape and sentenced him to fifty years imprisonment, five years each on the charges of breaking and entering and theft of property and forty years on the

charge of rape. On appeal the principal question is whether there is sufficient evidence to sustain the jury verdicts.

The prosecutrix, Brenda Stevenson, testified that around midnight on August 16, 1978, the appellant entered her home through the utility room window, wearing a mask and carrying a knife, blindfolded her, tied her up and raped her. He later untied her, raped her again and then left, taking a 22 rifle from a gun rack in her livingroom. Although she never saw his face, she identified him at trial on the basis of his voice and general physical characteristics. Clothing which the prosecutrix described as being worn by appellant was found near her house, including a military cap with appellant's name in it. Rope similar to that found in the prosecutrix's home had been purchased by appellant approximately three days before the rape, and hair samples taken from the military cap and the prosecutrix's bedroom were indistinguishable from hair samples taken from appellant. The appellant, himself, testified that he entered the prosecutrix's home on the night in question with a friend to steal guns but denied that he raped her. We find sufficient evidence to support the jury verdicts.

In what appellant's counsel generously refers to as his "argument," but without any real discussion or a single citation of authority, the appellant further contends that his convictions should be overturned because no warrant was ever issued for either his arrest or the search of his premises, that his rights were never explained to him, and that his "hair" was taken from him without his permission. As to the issue of the sufficiency of the warrants, even if the appellant's argument were persuasive, a hypothetical most difficult to contemplate, we could not reach this contention since we have held repeatedly that we will not examine matters raised for the first time on appeal. See, e.g., *Hughes* v. *State,* 264 Ark. 723, 574 S.W. 2d 888 (1978). Appellant's counsel mentioned the *Miranda* rights issue and the taking of the lock of appellant's hair during his motion for a directed verdict. Even if this is considered sufficient to preserve the issues for appellate review, the contentions are meritless. The record shows that appellant signed a waiver of arraignment form which contained a statement, signed by appellant and his

counsel, that appellant was aware of his rights and that his rights had been explained to him. Furthermore, the State made no attempt to offer into evidence any statement made by appellant. As to the taking of the lock of appellant's hair, this court has previously held that this type of evidence is not of a testimonial or communicative nature; therefore, the taking of a lock of hair from a criminal defendant against his will is not violative of his Fifth Amendment right against self incrimination. *Adams* v. *State,* 263 Ark. 286, 485 S.W. 2d 746 (1972). We find no error.

Affirmed.