Sharon HAWKINS *v.* STATE of Arkansas

CA CR 80-30                                        607 S.W. 2d 400

Court of Appeals of Arkansas
Opinion delivered November 5, 1980
Rehearing denied December 10, 1980

*E. Alvin Schay*, State Appellate Defender, by: *Deborah Davis Cross*, Deputy Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Arnold Jochums*, Asst. Atty. Gen., for appellee.

DAVID NEWBERN, Judge. The first question presented is whether the appellant can complain for the first time on appeal that the trial judge failed, in revoking her probation, to comply with Ark. Stat. Ann. § 41-1209(2) (Repl. 1977), which requires the judge to furnish "a written statement of the evidence relied on and the reasons for revoking suspen-

sion of probation." We hold that the failure to raise this question below makes it one which should not be considered on appeal. The appellant's second contention is that the preponderance of the evidence did not support the revocation of her probation. We hold the evidence presented supported the revocation.

The appellant pleaded *nolo contendere* to a charge of theft and was placed on three years probation on March 1, 1979. The petition to revoke her probation was filed on August 23, 1979, alleging that the appellant had committed theft by deception by obtaining monies of Electric Motor Center, Inc., and again by obtaining property of a Mr. McCoy. During a three-day hearing, evidence was presented with respect to these charged offenses, and on January 3, 1980, the court found that the appellant had violated her probation by committing a criminal act. A judgment was rendered setting aside the probation, finding the appellant guilty of the original charge and sentencing the defendant to two years in the Arkansas Department of Correction. Nothing in the record suggests any objection was made below to failure of the trial judge to furnish a written statement to the appellant as the statute requires.

### 1. *Failure to object.*

The argument of the appellant here is that although the judgment of the court and the commentary of the court stating he was relying on "all of the evidence" was reduced to writing, it was not sufficient to comply with the statute. We tend to agree that the recitation of the trial judge was not sufficiently specific to apprise the appellant of the evidence upon which the judge relied and his reasons for doing so. One purpose of the statute requiring the written statement of evidence and reasons must be to permit the defendant to know the precise bases of the trial court's decision so that she or he may conduct an intelligent appeal by being able to center it upon errors which could only be perceived if the decision process were known.

However, in this case, we must affirm because of the lack of objection, below. On that point, which has been raised by the appellee, the appellant has cited only *McGee* v. *State*, 262

Ark. 473, 557 S.W. 2d 885 (1977). That case stands only for the proposition that the word "shall" is mandatory and thus the requirement of the statute is not discretionary with the court. That does not mean, however, that the right to the written statement cannot be waived. Our supreme court has held that failure to object at the proper time waives rights otherwise clearly to be afforded to a criminal defendant. See, *Hamblin* v. *State*, 268 Ark. 497, 597 S.W. 2d 589 (1980); *Jeffers* v. *State*, 268 Ark. 329, 595 S.W. 2d 687 (1980); *Parker* v. *State*, 266 Ark. 13, 582 S.W. 2d 34 (1979). We see no reason to apply a different rule with respect to revocation hearings. A timely request or objection would have enabled the judge to have corrected whatever insufficiency there may have been in his efforts to comply with the statute.

### 2. *Sufficiency of the evidence.*

The state has the burden in a probation revocation hearing to show the appellant has inexcusably violated the terms and conditions of probation by a preponderance fo the evidence. Ark. Stat. Ann. § 41-1208(4) (Repl. 1977); *Ellerson* v. *State*, 261 Ark. 525, 549 S.W. 2d 495 (1977). On review, we view the evidence in a light most favorable to the appellee. *Chaviers* v. *State*, 267 Ark. 6, 558 S.W. 2d 434 (1978); *Pope* v. *State*, 262 Ark. 476, 557 S.W. 2d 887 (1977).

Although there is some evidence that the appellant simply made mistakes while working for her last two employers from whom she is accused of stealing, or that with respect to one of them she was a pawn in a corporate officer's scheme to deceive his company, there was strong testimony to the contrary. For example, Mr. Bob Becker, a principal officer of Electric Motor Center, Inc., testified that when he discovered that checks had been, by the appellant, his bookkeeper, made payable to the bank for cash for which he could not account, he confronted the appellant and advised her she might need an attorney. He further stated an attorney spoke with him on behalf of the appellant and stated she wanted to put the money back rather than face criminal charges. A factual issue was presented for the trial judge, and we cannot find his decision was incorrect.

Affirmed.