Theodis LOCKETT *v.* STATE of Arkansas
CR 80-187                                        611 S.W. 2d 500
Supreme Court of Arkansas
Opinion delivered February 9, 1981

*E. Alvin Schay*, State Appellate Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Arnold M. Jochums*, Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. In June, 1979, the appellant Lockett, represented by counsel, pleaded guilty to a charge of robbery. The court, without imposing sentence, placed him on probation for four years, one of the conditions being that he obey all federal and state laws. Less than a year later the State sought revocation of the probation on the ground that Lockett had again committed robbery, taking more than $2,500 while armed with a deadly weapon. After a hearing at which Lockett was again represented by counsel the court revoked Lockett's probation and imposed a 15-year sentence for the original offense. In appealing from the order of revocation Lockett argues he was denied the limited due process that the Supreme Court holds to be essential in such a proceeding. *Gagnon* v. *Scarpelli*, 411 U.S. 778 (1973); *Morrissey* v. *Brewer*, 408 U.S. 471 (1972).

At the revocation hearing Officer Bobby Brown testified that Lockett, after having been warned of his rights, signed a confession describing how he had lain in wait for the robbery victim, had struck him from behind with an iron bar, and had fled with the money. The officer testified that Lockett identified his accomplices and later took the police to a ditch where the crowbar was and gave information that led to the recovery of money and checks. Lockett testified that the confession was not true, that he signed it after having been slapped around by the officers, that he found the money after

having seen an unidentified man drop it in a ditch, and that just before his arrest he had decided to turn the money "back in."

Lockett's arguments for reversal have no substance. The due process requirements specified in *Morrissey* have since been embodied in our Criminal Code, including the court's holding that relevant evidence may be introduced at a revocation hearing regardless of its admissibility at a criminal trial. Ark. Stat. Ann. § 41-1209 (Repl. 1977). Here counsel argued below, after both sides had rested, that the State should have called as witnesses all persons who were present when Lockett confessed. We have recognized such a requirement at an in-chamber Denno hearing, but our reasoning centered on the State's burden of proving voluntariness, not on due process. *Smith* v. *State*, 254 Ark. 538, 494 S.W. 2d 489 (1973). Neither the Supreme Court decisions nor the Criminal Code requires a completely comprehensive hearing as a minimum basis for the revocation of probation. Fundamental fairness, with an opportunity to be heard, is all that the probationer is entitled to demand.

There was no denial of Lockett's right to confront the witnesses against him. That right applies only to witnesses who testify; it does not compel the State to produce every possible witness. *Hoover* v. *State*, 262 Ark. 856, 562 S.W. 2d 55 (1978). Finally, had Lockett requested a written statement of the court's basis for revoking probation, as Section 41-1209 (2) contemplates, it could have been readily supplied. The failure to object to the omission precludes consideration of the point on appeal. *Wickes* v. *State*, 270 Ark. 781, 606 S.W. 2d 366 (1980); *Hawkins* v. *State*, 270 Ark. 1016, 607 S.W. 2d 400 (Ark. App., 1980).

Affirmed.