Rufus Antonio BOX *v.* STATE of Arkansas

CA 99-1242                                    30 S.W.3d 754

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered November 15, 2000

*Scott S. Freydl*, for appellant.

*Mark Pryor*, Att'y Gen., by: *C. Joseph Cordi, Jr.*, Ass't Att'y Gen., for appellee.

JOHN E. JENNINGS, Judge. The appellant, Rufus Antonio Box, was charged by information in circuit court with the offenses of residential burglary, rape, and terroristic threatening in the first degree. He was sixteen years old at the time the offenses were allegedly committed and when the information was filed. This is an interlocutory appeal from an order denying appellant's motion to transfer these charges to juvenile court.

Appellant urges two points for reversal. He argues: (1) that the trial court erred in denying the motion due to the State's failure to offer any evidence concerning the seriousness of the offenses with which he was charged; and (2) that the trial court erred by failing to make written findings to support its decision. We find no error and affirm.

The trial court held a hearing on appellant's motion to transfer. It was brief, consisting primarily of argument of counsel, although the State did introduce into evidence exhibits showing appellant's past criminal record both in juvenile and circuit court. In its order denying the motion, the court stated its reasons as "the seriousness of the offense, that this offense is a repetitive pattern of

violence towards persons, the prior history, mental maturity and character traits" of the appellant.

Appellant first argues that the trial court erred in retaining jurisdiction because the State failed to present any evidence concerning the seriousness of the offenses as required by the decision in *Thompson v. State*, 330 Ark. 746, 957 S.W.2d 1 (1997). We find no error.

■ To determine whether a case should be transferred to juvenile court, the following factors are to be considered:

> (1) The seriousness of the offense, and whether violence was employed by the juvenile in the commission of the offense;

> (2) Whether the offense is part of a repetitive pattern of adjudicated offenses which would lead to the determination that the juvenile is beyond rehabilitation under existing rehabilitation programs, as evidenced by past efforts to treat and rehabilitate the juvenile and the response to such efforts; and

> (3) The prior history, character traits, mental maturity, and any other factor which reflects upon the juvenile's prospects for rehabilitation.

Ark. Code Ann. § 9-27-318(e) (Repl. 1998). In reviewing a transfer-denial decision, we do not overturn the circuit court unless the decision is clearly erroneous. *Brown v. State*, 330 Ark. 603, 954 S.W.2d 273 (1997).

■■ In *Thompson v. State, supra*, the supreme court held that the State could no longer rely upon the allegations contained in the information alone to establish the seriousness of the offenses. The court said that a "meaningful hearing" was required in which some evidence was to be presented to substantiate the serious and violent nature of the charges. Even so, a circuit court does not have to give equal weight to each of the three statutory factors; nor does evidence have to be presented regarding each factor. *Heagerty v. State*, 335 Ark. 520, 983 S.W.2d 908 (1998).

■ Here, in addition to the seriousness and violent nature of the charges, the trial court also found the current charges to be part of a repetitive pattern of adjudicated offenses of increasing violence towards persons. The record shows that appellant was adjudicated a delinquent juvenile in 1995. A docket entry from that case dated

November 6, 1997, reflects that appellant had "been in and out of detention in Hot Springs." Another entry, dated August 17, 1998, states that he was "in adult criminal detention in Hot Springs." In February of 1999, just four months prior to the filing of the present charges, appellant was found guilty as an adult on multiple charges of second-degree battery, arson, criminal mischief in the second degree, and aggravated assault on an employee of a correctional facility. Thus, there is evidence in the record to show that the charges were part of a repetitive pattern of offenses, that past efforts at rehabilitation had proved unsuccessful, and that the pattern of offenses had become increasingly more serious. We cannot say that the trial court's decision is clearly erroneous. *See Sanford v. State*, 331 Ark. 334, 962 S.W.2d 335 (1998); *Brown v. State, supra; Sebastian v. State*, 318 Ark. 494, 885 S.W.2d 882 (1994).

Appellant's next argument is based on the provision in Act 1192 of 1999, which amended Ark. Code Ann. § 9-27-318(g) (Supp. 1999) to require that the court "shall make written findings" in making the decision either to retain or transfer the case to juvenile court. Appellant argues that the amendment was in effect at the time of the hearing and that the trial court erred by failing to make written findings. Appellant, however, did not raise this issue in the trial court.

▮▮ In our view, this provision can be likened to Ark. Code Ann. § 5-4-310(b)(5) (Repl. 1997), which requires that a court "shall furnish a written statement of the evidence relied upon and the reasons for revoking suspension or probation." It has been held that this right, like any other procedural right, can be waived by the failure to object. *Brandon v. State*, 300 Ark. 32, 776 S.W.2d 345 (1989); *Lockett v. State*, 271 Ark. 860, 611 S.W.2d 500 (1981); *Hawkins v. State*, 270 Ark. 1016, 607 S.W.2d 400 (Ark. App. 1980). We see no reason to apply a different rule here. A timely request or objection would have enabled the trial court to rule on the issue of whether the amendment applied and to correct whatever deficiency there may have been in the order. *See Hawkins v. State, supra.* Additionally, in *Butler v. State*, 324 Ark. 476, 922 S.W.2d 685 (1996), the appellant argued that the trial court was required to make written findings of fact to support its decision to deny a transfer to juvenile court as a matter of due process, based on the decision in *Kent v. United States*, 383 U.S. 541 (1966). The supreme court declined to address the issue because there had been no

objection made below, noting that even constitutional issues will not be heard for the first time on appeal. Thus, we conclude that appellant's failure to object precludes consideration of this point on appeal.

Affirmed.

ROBBINS, C.J., HART, CRABTREE, and MEADS, JJ., agree.

GRIFFEN, J., dissents.

WENDELL L. GRIFFEN, Judge, dissenting. I respectfully dissent from the majority opinion because I believe Arkansas Code Annotated section 9-27-318(g), as amended in 1999, requires the trial court to enter written findings. Therefore, I would reverse and remand the case with instructions to do so.

By Act 1192 of 1999, the General Assembly substantially changed the juvenile code and statutes governing juvenile jurisdiction and proceedings. Act 1192 contained no emergency clause and became effective on July 30, 1999. One statute affected by the 1999 changes is Arkansas Code Annotated section 9-27-318, which governs the procedure for transferring cases between circuit and juvenile courts. Subsection (g) mandates that when a court makes a decision to retain or transfer a case, the court *shall* make written findings and consider ten enumerated factors.[1] If the court finds that

---

[1] Section 9-27-318 lists the factors as follows:

(1) the seriousness of the alleged offense and whether the protection of society requires prosecution as an extended juvenile jurisdiction offender or in circuit court; (2) whether the alleged offense was committed in an aggressive, violent, premeditated or willful manner; (3) whether the offense was against a person or property, with greater weight being given to offenses against persons, especially if personal injury resulted; (4) the culpability of the juvenile, including the level of planning and participation in the alleged offense; (5) the previous history of the juvenile, including whether the juvenile had been adjudicated a juvenile offender and, if so, whether the offenses were against persons or property, and any other previous history of antisocial behavior or patterns of physical violence; (6) the sophistication or maturity of the juvenile as determined by consideration of the juvenile's home, environment, emotional attitude, pattern of living, or desire to be treated like an adult; (7) whether there are facilities or programs available to the court which are likely to rehabilitate the juvenile prior to the expiration of the court's jurisdiction; (8) whether the juvenile acted alone or was part of a group in the commission of the alleged offense; (9) written reports an other materials relating to the juvenile's mental, physical, educational and social history; and (10) any other factors deemed relevant by the court.

Ark. Code Ann. § 9-27-318 (Supp. 1999).

clear and convincing evidence supports trying a juvenile as an adult, it must enter an order to that effect.

In an analogous situation, Rule 33.1, which governs motions for directed verdict and motions for dismissal was amended, effective immediately, in 1999. This court held in *Trammell v. State*, 70 Ark. App. 210, 214, 16 S.W.3d 564, 567 (2000) that even though the incident leading to the proceeding occurred before the effective date of the amendment, the fact that the amendment did not criminalize conduct that was previously noncriminal, increase the severity or harshness of the offense, or deprive the juvenile of an available defense, mandated that the trial court follow the rule in effect at the time of the proceeding. In *Trammell*, the defense failed to renew its motion for directed verdict at the close of a bench trial as required by the amended version of Rule 33.1, which had been in effect less than thirty days before the proceeding took place.

Although the majority disagrees, I am firmly convinced that we should follow our decision and rationale in *Trammel*. Section 9-27-318, as amended, was in effect at the time of the proceeding, even though the incident giving rise to the proceeding took place prior to the act becoming effective. Also, section 9-27-318 is entirely procedural in nature. The fact that the amendment does not criminalize conduct that was previously legal, does not increase the severity or harshness of punishment for the offense, and does not deprive a juvenile of a previously available defense mandates that the trial court follow the rule in effect at the time of the proceeding.

In the instant case, appellant was charged with committing the offenses of rape, residential burglary and terroristic threatening on June 3, 1999, less than sixty days before the amended version of section 9-27-318 took effect. However, the transfer hearing took place on August 23, 1999, after the amended version of section 9-27-318 became effective. Thus, section 9-27-318, as amended in 1999, applies to the instant case.

The majority correctly observes that although Arkansas Code Annotated section 5-4-310(b)(5) (Repl. 1997) requires a trial court to prepare and furnish a written statement of the evidence relied upon to the defendant, our court has affirmed probation revocations when the appellant failed to show prejudice as a result of the

trial court's failure to provide a written statement. *See Phillips v. State*, 25 Ark. App. 102, 752 S.W.2d 301 (1988). We observed in *Phillips* that one of the reasons for the written statement was to allow a defendant to know the precise basis for the trial court's decision in order for the defendant to assert an intelligent appeal. *See id.*, 752 S.W.2d 301.

Probation revocations are materially different from deciding to transfer from circuit court to juvenile court. Probation revocations put into execution a sentence for which a person's guilt has already been determined. That person, by definition, has been tried and convicted as an adult. But Arkansas Code Annotated section 9-27-318(g), which mandates a trial court to make written findings when deciding whether to retain or transfer jurisdiction, addresses the more fundamental question of where the charges will be adjudicated and whether the accused will be tried as a juvenile or as an adult. The accused in this situation cannot possibly know why the court decided as it did absent written findings mandated by the statute. That is a far cry from a probation revocation where the conduct upon which the revocation is based will often have an underlying criminal charge for which the accused may have been convicted. And even where that is not the case, probation revocation proceedings are themselves a trial on the merits of the allegations of the probation revocation petition. This is not true in transfer decisions.

At the close of the hearing in the instant matter, the trial judge announced he would issue a ruling on the motion to transfer. The ruling was issued in the form of a written order, which is the subject of this appeal. As the present case indicates, a trial judge deciding a transfer case will often announce that a ruling on the motion will be issued at a later time. Thus, the accused cannot know whether the judge will comply with the statutory requirement for written findings until the court issues the ruling. Once the ruling is issued, the only recourse available to the accused is an appeal. Thus, I disagree with the State that appellant failed to preserve his argument that the trial court failed to comply with section 9-27-318.

The order entered by the trial court summarily states "[c]oncurrent jurisdiction (*sic*) exists because Defendant is at least 16 years of age and the charged (*sic*) is a felony. This court has

considered the seriousness of the offense, that this offense is a repetitive pattern of violence towards persons, the prior battery, mental maturity and character traits." Because the order does not make specific findings of fact, we can only guess whether the trial court considered the statutory factors.

