

# ARKANSAS COURT OF APPEALS

DIVISION I

No. CR-12-1056

| | | |
|---|---|---|
| J.A.C. | | **Opinion Delivered** September 18, 2013 |
| | APPELLANT | APPEAL FROM THE YELL COUNTY CIRCUIT COURT, NORTHERN DISTRICT [No. CR-2012-25] |
| V. | | |
| | | HONORABLE JOHN W. COLE, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## LARRY D. VAUGHT, Judge

On April 5, 2011, J.A.C. was charged by information in Yell County, Arkansas, with first-degree terroristic threatening, a Class D felony. The information was later amended to include the charge of being a criminal in possession of explosives, a Class B felony. Both crimes were alleged to have been committed in December 2011, at which time J.A.C. was sixteen years old. Counsel for J.A.C. moved to transfer the case to juvenile court, and following a hearing, the trial court denied the motion to transfer in an order filed November 29, 2012. J.A.C. appeals from this order,[1] arguing that the trial court erred by failing to make a written finding of each of the

[1]In a companion case, J.A.C. was charged by information in Conway County, Arkansas, with criminal mischief, a Class D felony; criminal trespass, a Class C misdemeanor; and theft of property, a Class A misdemeanor. In the Conway County case, counsel for J.A.C. filed a motion to transfer to juvenile court. By agreement of the parties, the motions to transfer in Conway and Yell Counties were argued together on October 4, 2012. The trial court entered an order denying J.A.C.'s Conway County motion to transfer, and J.A.C. appealed from that order. Our court's disposition of that case is being handed down today in *J.A.C. v. State*, 2013 Ark. App. 496.

enumerated factors set forth in Arkansas Code Annotated section 9-27-318(g) (Repl. 2009). Because this issue was not raised below, it is not preserved, and we must affirm.

On appeal, J.A.C. advances a technical argument—that the trial court erred in failing to comply with section 9-27-318(g) and (h)(1). Subsection (g) sets forth the factors the trial court shall considered in a motion-to-transfer hearing, Ark. Code Ann. § 9-27-318(g), while subsection (h) requires the trial court to make written findings on all of the factors in subsection (g). Ark. Code Ann. § 9-27-318(h)(1).

We are unable to reach the merits of J.A.C.'s argument because it was not raised below. *T.S.C. v. State*, 2012 Ark. App. 606, at 3–4 (affirming the trial court's juvenile-transfer order despite appellant's argument of statutory noncompliance because the argument was not raised below); *Williams v. State*, 96 Ark. App. 160, 162, 239 S.W.3d 44, 46 (2006) (holding that appellant's argument—the technical, statutory noncompliance of the trial court's juvenile-transfer order—was not preserved on appeal because he failed to raise it below); *Box v. State*, 71 Ark. App. 403, 30 S.W.3d 754 (2000) (stating that the right of a defendant to written findings in a transfer case, like any other procedural right, can be waived by failure to timely object; in order to preserve an argument on appeal, there must be an objection to the trial court that is sufficient to apprise the trial court of the particular error alleged, so that the trial court has an opportunity to correct the error). Because J.A.C. failed to argue below that the trial court did not comply with the statutory mandates of section 9-27-318(g) and (h), the issue is not preserved for appeal. Therefore, we affirm.

Affirmed.

PITTMAN and WALMSLEY, JJ., agree.
*Crumpton & Collins, P.A.*, by: *Greg Crumpton*, for appellant.
*Dustin McDaniel*, Att'y Gen., by: *LeaAnn J. Adams*, Ass't Att'y Gen., for appellee.