# ARKANSAS COURT OF APPEALS

DIVISION I

No. CR-12-1047

| | | |
|---|---|---|
| J.A.C. | | **Opinion Delivered** SEPTEMBER 18, 2013 |
| | APPELLANT | APPEAL FROM THE CONWAY COUNTY CIRCUIT COURT [NO. CR2012-76] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE JERRY RAMEY, JUDGE |
| | | AFFIRMED IN PART; REVERSED AND DISMISSED IN PART |

**BILL H. WALMSLEY, Judge**

Appellant J.A.C. was charged in the Conway County Circuit Court with first-degree criminal mischief, a Class D felony; theft of property, a Class A misdemeanor; and criminal trespass, a Class C misdemeanor. Noting that he was sixteen years old at the time of the alleged crimes, appellant filed a motion to transfer his case to the juvenile division of circuit court. Following a hearing, the trial court denied the motion. Appellant timely appealed. We affirm in part and reverse and dismiss in part.[1]

Appellant's sole argument is that the trial court abused its discretion by failing to make

---

[1]In a companion case, J.A.C. was charged by information in Yell County, Arkansas, with first-degree terroristic threatening and criminal possession of explosives. A motion to transfer was also filed in that case. By agreement of the parties, the motions to transfer in Conway and Yell Counties were argued together on October 4, 2012. The trial court entered an order denying J.A.C.'s Yell County motion to transfer, and J.A.C. appealed from that order. Our court's disposition of that case is being handed down today in *J.A.C. v. State*, 2013 Ark. App. 513.

complete written findings on all of the factors it was required to consider. Arkansas Code Annotated section 9-27-318(g) (Repl. 2009) provides ten factors that the court shall consider in a transfer hearing. Subsection (h)(1) states that "[t]he court shall make written findings on all of the factors set forth in subsection (g) of this section." Appellant argues that we must remand the case for further consideration due to incomplete findings on several factors.

The trial court failed to make findings on at least one factor. However, appellant has failed to preserve his argument for appeal. In *Williams v. State*, 96 Ark. App. 160, 239 S.W.3d 44 (2006), the trial court made written findings on all but one of the enumerated factors. Citing *Box v. State*, 71 Ark. App. 403, 30 S.W.3d 754 (2000), we noted that procedural rights can be waived by the failure to object and that a timely request or objection would have enabled the trial court to correct any deficiency in the order. We held that Williams's failure to object below precluded consideration of the statutory noncompliance of the trial court's order.

Here, appellant reminded the judge during the hearing that he would have to reduce his findings to writing. However, when the order was entered, appellant did not apprise the court of any deficiency in the findings. Appellant's failure to make a request or objection to the trial court regarding the content of the order prevents us from addressing it on appeal.

We affirm the denial of transfer as to the felony charge; however, we note that the circuit court did not have jurisdiction of the two misdemeanor charges. Arkansas Code Annotated section 9-27-318(c)(1) provides that a prosecuting attorney may charge a juvenile in either the juvenile or criminal division of circuit court when a case involves a juvenile at

least sixteen years old when he or she engages in conduct that, if committed by an adult, would be any felony. The prosecutor did not have discretion to file the misdemeanor charges in the criminal division of circuit court. Section 9–27–318(d) would allow for the misdemeanors to be charged in the criminal division only if a transfer was ordered after a hearing before the juvenile division of circuit court. This was not done. Because the circuit court never had jurisdiction of the two misdemeanor charges, they are dismissed without prejudice. *See Butler v. State*, 324 Ark. 476, 922 S.W.2d 685 (1996).

Affirmed in part; reversed and dismissed in part.

PITTMAN and VAUGHT, JJ., agree.

*Daniel W. Marvin*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *LeaAnn J. Adams*, Ass't Att'y Gen., for appellee.