SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–13–263

| | | |
|---|---|---|
| K.O.P. | | **Opinion Delivered** November 13, 2013 |
| | APPELLANT | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NO. CR–12–378–2] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE MICHAEL MEDLOCK, JUDGE |
| | APPELLEE | |
| | | AFFIRMED IN PART; REVERSED AND DISMISSED IN PART |

**BILL H. WALMSLEY, Judge**

Appellant K.O.P. appeals the denial of his motion to transfer his case to juvenile court. On appeal, he argues that there was not sufficient evidence to deny his motion. We affirm in part and reverse and dismiss in part.

On August 3, 2012, appellant was charged in the Crawford County Circuit Court with commercial burglary, a Class C felony; ten counts of breaking or entering, Class D felonies; theft of property, a Class D felony; two counts of theft of property—firearm, Class D felonies; eight counts of theft of property, Class A misdemeanors; and one count of theft by receiving, a Class A misdemeanor. On November 26, 2012, appellant filed a motion to transfer his case to juvenile court, noting that he was sixteen years old at the time the alleged crimes were committed.

A hearing on the motion was held on January 11, 2013. Appellant's juvenile probation

SLIP OPINION

officer, Jenny Burton, testified about appellant's history in juvenile court, and his "confidential sheet," which listed his previous charges, adjudications, and dispositions, was admitted into evidence. Appellant first became involved with the juvenile court in 2008 when a "family in need of services" petition was filed alleging problems at school. In May 2008, he was placed on formal supervision for nine months and ordered, among other things, to receive therapy and submit to random drug testing.

On February 2, 2009, appellant was charged with second-degree criminal mischief, commercial burglary, and contempt of court. Burton testified that these charges involved stealing four firearms from a business. Appellant was adjudicated delinquent, placed on twelve months of probation, ordered to pay restitution, ordered to complete the Turning Point Theft Offender Program, and ordered to complete sixty hours of community service. On March 24, 2009, appellant was charged with criminal contempt of court and probation revocation. He was ordered to complete an additional ten days of community service and be assessed for the possibility of day-treatment services. His probation was continued. On May 21, 2009, appellant was again charged with criminal contempt of court and probation revocation. His probation was extended until May 31, 2010, and he was sentenced to five days in the Yell County Juvenile Detention Center. He was also ordered to apply for placement into the Southern Christian Home. Burton said that appellant was denied placement in that program due to his behavioral problems at school.

On July 23, 2009, appellant was charged with two counts of breaking or entering and theft of property. There was also another contempt-and-revocation petition filed. Appellant

was ordered to complete residential treatment at Trinity Behavioral Health. Burton testified that appellant was at Trinity for less than a month when he ran away and hitchhiked back to Van Buren. As a result, his probation was revoked and in September 2009, appellant was committed to Division of Youth Services (DYS). Burton said that at DYS, appellant received group therapy, drug treatment, drug-and-alcohol education classes, decision-making classes, and anger-management classes. He was released in March 2010 and began participating in aftercare through Comprehensive Juvenile Services.

In May 2011, appellant was charged with commercial burglary, theft of property, contempt, and probation revocation. He was sentenced to ninety days in the Yell County Juvenile Detention Center to be followed by probation. In February 2012, appellant was ordered to complete the Arkansas National Guard Civilian Student Training Program (CSTP). Burton testified that CSTP was a three-month program, one of the toughest programs offered, and that appellant did well there. He obtained his GED while he was there and did not have any major issues. He completed the program on May 25, 2012. Appellant was again arrested in June 2012 for three counts of breaking or entering and three counts of theft of property. He allegedly committed the crimes in the case at bar on July 15, 2012. Appellant's probation was revoked based on the new charges and for testing positive for THC. He was committed to DYS on August 1, 2012, and Burton said that he was still at DYS at the time of the transfer hearing.

Burton testified that appellant had been in counseling since 2008 and had received graduated sanctions. She said that all available resources had been exhausted. Burton said

3

SLIP OPINION

that appellant was mature and that his mother had been supportive of him.

Melody Mosley, appellant's case manager at Consolidated Youth Services, testified that appellant was in the education setting and had expressed an interest in going to college and entering the military. Mosley said that appellant was in alcohol-and-drug counseling and in group counseling involving making the right choices, problem solving, and decision-making skills. Mosley testified that appellant told her he was under the influence of drugs during his crimes. She said that appellant was mature and mostly complied with the rules of the program.

Michelle Parks, appellant's mother, testified that appellant's father and stepfather both had been around him under the influence of drugs and alcohol and that appellant had been exposed to domestic violence. Parks said that appellant's father had claimed that appellant and his siblings were not his, and the family had not had any contact with him since June 2012. Parks believed that issues with his father triggered appellant's drug relapse.

The trial court denied the motion to transfer, and appellant filed a timely notice of appeal.

Arkansas Code Annotated section 9-27-318(g) (Repl. 2009) provides that in a transfer hearing, the court shall consider all of the following factors:

> (1) The seriousness of the alleged offense and whether the protection of society requires prosecution in the criminal division of circuit court;
> (2) Whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner;
> (3) Whether the offense was against a person or property, with greater weight being given to offenses against persons, especially if personal injury resulted;
> (4) The culpability of the juvenile, including the level of planning and participation in the alleged offense;



(5) The previous history of the juvenile, including whether the juvenile had been adjudicated a juvenile offender and, if so, whether the offenses were against persons or property, and any other previous history of antisocial behavior or patterns of physical violence;

(6) The sophistication or maturity of the juvenile as determined by consideration of the juvenile's home, environment, emotional attitude, pattern of living, or desire to be treated as an adult;

(7) Whether there are facilities or programs available to the judge of the juvenile division of circuit court that are likely to rehabilitate the juvenile before the expiration of the juvenile's twenty-first birthday;

(8) Whether the juvenile acted alone or was part of a group in the commission of the alleged offense;

(9) Written reports and other materials relating to the juvenile's mental, physical, educational, and social history; and

(10) Any other factors deemed relevant by the judge.

The trial court is required to make written findings on all of the above factors. Ark. Code Ann. § 9-27-318(h)(1). However, there is no requirement that proof be introduced against the juvenile on each factor, and the trial court is not obligated to give equal weight to each of these factors in determining whether a case should be transferred. *D.D.R. v. State*, 2012 Ark. App. 329, --- S.W.3d ---. Upon a finding by clear and convincing evidence that the case should be transferred to another division of circuit court, the judge shall enter an order to that effect. Ark. Code Ann. § 9-27-318(h)(2). Clear and convincing evidence is the degree of proof that will produce in the trier of fact a firm conviction as to the allegation sought to be established. *D.D.R.*, *supra*. We will not reverse the trial court's decision in this regard unless it was clearly erroneous. *Id*. A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with a definite and firm conviction that a mistake has been committed. *Id*.

Appellant challenges the trial court's findings on two of the enumerated factors. On

factor number one, the court found that "the seriousness of the alleged offenses does not weigh heavily for transfer." Appellant argues that this finding was in error because there was no evidence presented regarding the seriousness or nature of the alleged offenses. He cites *Thompson v. State*, 330 Ark. 746, 958 S.W.2d 1 (1997), which held that a court could not deny a motion to transfer based solely on the allegations contained in the information. Appellant's argument is without merit. The trial court here heard evidence on many of the statutory factors and did not base its decision solely on the charges in the information.

On the seventh factor, the court found that all juvenile programs available to appellant had been exhausted and possibly on more than one occasion. Appellant argues that the evidence did not show that he was incapable of being rehabilitated within the juvenile system. He claims that he was on the road to rehabilitation before family incidents influenced his behavior. He points to testimony that he was currently doing well in DYS and continuing to receive counseling. He argues that, despite challenges in other programs, he had obtained his GED, completed CSTP, and begun initial preparations for college or the military. He notes Mosley's testimony that there were disciplinary actions available at DYS, but he argues that the State failed to ask Mosley about further treatment or rehabilitative options.

The record reflects that Mosley was asked what else was available beyond DYS if someone was not complying. Mosley responded the DYS was the "last straw." The crimes here were allegedly committed one month prior to appellant's seventeenth birthday. He already had multiple adjudications, a stay in a group home, several stays in detention, a commitment to DYS, and had just recently completed CSTP. His probation officer testified

that he had received counseling and drug treatment. Although appellant did well at times in the juvenile system, he was repeatedly arrested for more crimes and failing to comply with probation. His probation officer testified that all available resources had been exhausted. The evidence supported a finding that appellant was not likely to be rehabilitated in the juvenile system.

We affirm the denial of the motion to transfer as to appellant's felony charges. However, we must dismiss the misdemeanors appellant was charged with in the criminal division of circuit court. We recently addressed this issue in *J.A.C. v. State*, 2013 Ark. App. 496, where we held as follows:

> Arkansas Code Annotated section 9–27–318(c)(1) provides that a prosecuting attorney may charge a juvenile in either the juvenile or criminal division of circuit court when a case involves a juvenile at least sixteen years old when he or she engages in conduct that, if committed by an adult, would be any felony. The prosecutor did not have discretion to file the misdemeanor charges in the criminal division of circuit court. Section 9–27–318(d) would allow for the misdemeanors to be charged in the criminal division only if a transfer was ordered after a hearing before the juvenile division of circuit court. This was not done. Because the circuit court never had jurisdiction of the two misdemeanor charges, they are dismissed without prejudice. *See Butler v. State*, 324 Ark. 476, 922 S.W.2d 685 (1996).

The circuit court here did not have jurisdiction of the misdemeanor charges. We affirm the denial of transfer as to the felony charges and reverse and dismiss the misdemeanor charges without prejudice.

Affirmed in part; reversed and dismissed in part.

HIXSON and BROWN, JJ., agree.

*Lisa-Marie Norris*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *LeaAnn J. Adams*, Ass't Att'y Gen., for appellee.