SLIP OPINION

Cite as 2016 Ark. App. 242

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV–15–871

| | |
|---|---|
| | **Opinion Delivered** May 4, 2016 |
| GREG SCHWARTZ AND ELIZABETH SCHWARTZ | |
| APPELLANTS | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. DR–2015–225–1] |
| V. | |
| | HONORABLE BOBBY McCALLISTER, JUDGE |
| RALPH LEE LOBBS | |
| APPELLEE | REVERSED AND REMANDED |

## M. MICHAEL KINARD, Judge

Greg and Elizabeth Schwartz appeal from an order denying their petition for grandparent visitation with their thirteen-year-old grandson. They argue that the trial court's order is defective in that it failed to state the factors considered in reaching the decision and, alternatively, that the court misapplied the appropriate factors and clearly erred in denying their petition. We find merit in the first point and reverse and remand for a specific written order. We do not address the second point.

Appellants are the maternal grandparents of thirteen-year-old J.L. Appellee is the child's father. J.L.'s parents divorced when the child was very young, and J.L. and his mother soon moved into the same home with appellants. They stayed there for at least eight years, between the time that J.L. was two and the time that he turned ten. By all accounts, appellants were heavily involved in all aspects of J.L.'s daily life, and the relationship was a close one. When J.L. was ten years old, his mother died, and his father, appellee, assumed

custody of J.L. Appellants unsuccessfully sought an emergency guardianship of J.L. at that time. For the next three years, J.L. and his father and stepmother lived about thirty minutes away from appellants. Appellee allowed appellants to have regular visitation every other weekend and for longer periods during summer vacations. J.L. and appellants texted or spoke on the telephone daily.

In late 2014, appellee moved to Louisiana for his job but would come home to Arkansas on the weekends. Over the next couple of months, tension between J.L. and his stepmother began to rise, and J.L. would complain to appellants. In March 2015, appellants filed a petition for emergency custody of J.L., alleging that he was the victim of physical, verbal, and psychological abuse. In the alternative, appellants sought grandparent visitation pursuant to Ark. Code Ann. § 9-13-103. Appellee then stopped allowing visitation with appellants and moved J.L. to Louisiana with him. A short time later, the stepmother and her teenaged daughter also moved to Louisiana.

After a preliminary hearing, the trial court found that no emergency existed and that any alleged problems appeared to have been remedied. Therefore, the court denied the petition for custody pending a final hearing.

A few months later, a full hearing was held. Appellants testified to the facts outlined above. They further stated that they had not been allowed to see or talk to J.L. for about four months and that appellee had not responded to their attempts to discuss with him the possibility of renewed visitation. They also claimed that they were willing and able to cooperate with appellee.

Appellee testified that he did not deny appellants visitation until after they sued him a second time. He stated that the family situation is much better since the move to Louisiana. He testified that his hours and income have improved. He testified that J.L. is happier, more confident, involved in activities at school, and making good grades. Appellee further stated that J.L.'s relationship with his stepmother is much better since the move, and he did not think that visitation was in J.L.'s best interest at this time.

J.L. testified that he missed his grandparents and would enjoy spending time with them. However, he also indicated that appellants did not like his stepmother, and that he did not like her "because of my grandparents." He stated that appellants told him that they did not like "the way [the stepmother] handled things and the kind of person she is." J.L. described himself as being "in the middle" when he was living in Arkansas and visiting appellants on a regular basis. He admitted that he had exaggerated when he described to his grandparents his problems with his stepmother. J.L. further testified that he liked his new school, was making all As and Bs, and had made new friends. He also stated that, since the move to Louisiana, he and his stepmother had worked out their differences and that their relationship had improved.

After the hearing, the trial court made brief oral comments regarding the burden of proof and the evidence. A written order was entered simply stating that the petition was denied.

Appellants first contend that the trial court erred in failing to comply with the requirement in Ark. Code Ann. § 9-13-103(f)(1) (Repl. 2015) that the order denying the

request for grandparent visitation state in writing "any and all factors considered by the court in its decision." We agree.

Arkansas's statute on grandparent visitation provides in pertinent part as follows:

(b) A grandparent or great-grandparent may petition a circuit court of this state for reasonable visitation rights with respect to his or her grandchild or grandchildren or great-grandchild or great-grandchildren under this section if:

(1) The marital relationship between the parents of the child has been severed by death, divorce, or legal separation;

. . . .

(c)(1) There is a rebuttable presumption that a custodian's decision denying or limiting visitation to the petitioner is in the best interest of the child.

(2) To rebut the presumption, the petitioner must prove by a preponderance of the evidence the following:

(A) The petitioner has established a significant and viable relationship with the child for whom he or she is requesting visitation; and

(B) Visitation with the petitioner is in the best interest of the child.

(d) To establish a significant and viable relationship with the child, the petitioner must prove by a preponderance of the evidence the following:

(1)(A) The child resided with the petitioner for at least six (6) consecutive months with or without the current custodian present;

(B) The petitioner was the caregiver to the child on a regular basis for at least six (6) consecutive months; or

(C) The petitioner had frequent or regular contact with the child for at least twelve (12) consecutive months; or

(2) Any other facts that establish that the loss of the relationship between the petitioner and the child is likely to harm the child.

(e) To establish that visitation with the petitioner is in the best interest of the child, the petitioner must prove by a preponderance of the evidence the following:

(1) The petitioner has the capacity to give the child love, affection, and guidance;

(2) The loss of the relationship between the petitioner and the child is likely to harm the child; and

(3) The petitioner is willing to cooperate with the custodian if visitation with the child is allowed.

(f)(1) *An order granting or denying visitation rights to grandparents and great-grandparents shall be in writing and shall state any and all factors considered by the court in its decision to grant or deny visitation under this section.*

Ark. Code Ann. § 9-13-103 (emphasis added).

Aside from stating that a hearing was held at which the various parties appeared, the order in this case simply states that appellants' petition "is hereby denied." We are aware that our courts have addressed the merits of grandparent-visitation issues in *Oldham v. Morgan*, 372 Ark. 159, 271 S.W.3d 507 (2008), and *Harrison v. Phillips*, 2012 Ark. App. 474, 422 S.W.3d 188, despite the lack of proper written findings. However, in each of those cases, the appellate court held that, given the lack of evidence in the record, there were no findings that *could* have been made to support the trial court's conclusion. Here, on the other hand, it is not entirely clear that the case had to be decided only one way as a matter of law. Therefore, as is the case when there is a lack of compliance with similar statutes or rules requiring specific written findings or reasons for certain judicial actions, we conclude that the trial court's failure in this instance requires reversal and remand. *See, e.g.*, *Davenport v. State*, 2011 Ark. 105 (failure to provide written findings conclusively showing petitioner entitled to no relief under Ark. R. Crim. P. 37 where no hearing was held); *Ryburn v. Ryburn*, 2014 Ark. App. 108, 432

5

SLIP OPINION

S.W.3d 102 (order's failure to state payor's income, refer to child-support guidelines, and recite whether award deviated from the family-support chart as required by Ark. Sup. Ct. Admin. Order No. 10); *Arkansas Department of Human Services v. A.M.*, 2012 Ark. App. 240, 423 S.W.3d 86 (failure to make written findings per Ark. Code Ann. § 9-12-333 regarding certain issues in a family-in-need-of-services case); *Wadley v. Wadley*, 2012 Ark. App. 208, 395 S.W.3d 411 (failure to state reasons in decree, as required by Ark. Code Ann. § 9-12-315, for not dividing marital property equally).

Reversed and remanded.

VIRDEN and HARRISON, JJ., agree.

*Jones Law Firm*, by: *F. Parker Jones III*, for appellant.

No response.