Rita W. Gruber, Judge, concurring. I agree with the majority that, because the record before us lacks any evidence supporting the likelihood that the .children would be harmed frotó a loss of relationship with the grandparents, the circuit court clearly erred in making such a finding. I write separately to express my concern that the circuit court ignored our statutory requirement that a written order denying or granting grandparent visitation “shall state any and all factors considered by the court in its decisiori to grant or deny visitation under this section.” Ark. Code Ann. § 9-13-103(f)(l) (Repl. 2015). See Schwartz v. Lobbs, 2016 Ark. App. 242, 491 S.W.3d 161 .(reversing the circuit court’s denial of grandparent visitation because the order failed to state the factors the court had considered in reaching its decision). Here, the court did not set forth the factors it considered in deciding to grant visitation, leaving us with nothing to review and preventing us from determining “on the entire record” whether “a mistake has been committed.” Painter v. Kerr, 2009 Ark. App. 580, at 5, 336 S.W.3d 425, 429. The Inshortcoming of the order has prevented our thorough review of the best-interest finding.