

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-15-985

| | |
|---|---|
| MALIK GILLIAM<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered June 1, 2016<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION<br>[NO. CR-2015-1135]<br><br>HONORABLE LEON JOHNSON, JUDGE<br><br>REMANDED WITH INSTRUCTIONS |

## BRANDON J. HARRISON, Judge

Malik Gilliam appeals the denial of his motion to transfer to the juvenile division of the circuit court. He argues that evidence of his prior history should have been excluded pursuant to Ark. Code Ann. § 9-27-309(k) (Repl. 2015). We are unable to reach the merits of his argument because we must remand for proper written findings.

A circuit court's decision to retain jurisdiction of criminal charges against a juvenile must be supported by clear and convincing evidence. Ark. Code Ann. § 9-27-318(h)(2). Clear and convincing evidence is that degree of proof that will produce in the trier of fact a firm conviction as to the allegation sought to be established. *McClure v. State*, 328 Ark. 35, 942 S.W.2d 243 (1997). We will not reverse a circuit court's decision on whether to transfer a case unless it is clearly erroneous. *Nichols v. State*, 2015 Ark. App. 397, 466 S.W.3d 431. A finding is clearly erroneous when, although there is evidence to support

it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *Id.*

In deciding the motion to transfer, the circuit court is to consider the following factors:

(1) The seriousness of the alleged offense and whether the protection of society requires prosecution in the criminal division of circuit court;

(2) Whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner;

(3) Whether the offense was against a person or property, with greater weight being given to offenses against persons, especially if personal injury resulted;

(4) The culpability of the juvenile, including the level of planning and participation in the alleged offense;

(5) The previous history of the juvenile, including whether the juvenile had been adjudicated a juvenile offender and, if so, whether the offenses were against persons or property, and any other previous history of antisocial behavior or patterns of physical violence;

(6) The sophistication or maturity of the juvenile as determined by consideration of the juvenile's home, environment, emotional attitude, pattern of living, or desire to be treated as an adult;

(7) Whether there are facilities or programs available to the judge of the juvenile division of circuit court that are likely to rehabilitate the juvenile before the expiration of the juvenile's twenty-first birthday;

(8) Whether the juvenile acted alone or was part of a group in the commission of the alleged offense;

(9) Written reports and other materials relating to the juvenile's mental, physical, educational, and social history; and

(10) Any other factors deemed relevant by the judge.

Ark. Code Ann. § 9–27–318(g). The circuit court is required to make written findings on all of the above factors. Ark. Code Ann. § 9–27–318(h)(1). However, there is no

SLIP OPINION

requirement that proof be introduced against the juvenile on each factor, and the circuit court is not obligated to give equal weight to each of these factors in determining whether a case should be transferred. *D.D.R. v. State*, 2012 Ark. App. 329, 420 S.W.3d 494.

Here, the order entered by the circuit court is essentially a list of the statutory factors with certain subdivisions either checkmarked or not checkmarked. For example:

> 1. The seriousness of the alleged offense and the protection of society justifies prosecution
> _√_ in the Criminal Division of Circuit Court
> ___ in the Juvenile Division of Circuit Court as an extended juvenile jurisdiction
> ___ in the Juvenile Division of the Circuit Court

We hold that this order fails to comply with the statutory requirement for written findings on all the statutory factors. We therefore remand with instructions to enter an order consistent with the statute.

Remanded with instructions.

WHITEAKER and BROWN, JJ., agree.

*Llewellyn J. Marczuk*, Deputy Pub. Defender, by: *Clint Miller*, Deputy Pub. Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.