

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-16-1140

|  |  |
|---|---|
| | **Opinion Delivered** September 20, 2017 |
| BYRON JAMARR FLOWERS<br>APPELLANT | APPEAL FROM THE MILLER<br>COUNTY CIRCUIT COURT<br> [NO. 46CR-14-535] |
| V. | |
| STATE OF ARKANSAS | HONORABLE CARLTON D.<br>JONES, JUDGE |
| APPELLEE | AFFIRMED |

## LARRY D. VAUGHT, Judge

Appellant, Byron Jamarr Flowers, appeals the Circuit Court of Miller County's order denying his motion to transfer his case to the juvenile division of circuit court. We affirm.

In 2014, Flowers and a codefendant, Costello Byrd, were charged with raping a child, R.S., who was under the age of fourteen. The events were alleged to have occurred in 2009 and 2010. While the case was pending in the Miller County Circuit Court, Flowers filed a motion to transfer it to the juvenile division. On December 10, 2015, the court held a juvenile-transfer hearing, after which it issued a letter order denying the motion.

Flowers was twenty years old when the charges were first brought against him in this case. The acts were alleged to have occurred when the victim was between the ages of three and six years old, and when Flowers was between the ages of fourteen and sixteen years old. The victim alleged that Flowers and Byrd repeatedly raped her vaginally and anally, causing her to bleed. A sexual-assault examination revealed four well-healed injuries to her vaginal area

that were consistent with her accounts of the rapes. By the time Flowers filed his first juvenile-transfer motion, he had already turned twenty-one. His amended motion was filed after his twenty-second birthday. At the transfer hearing, an employee of the Division of Youth Services testified that there were no programs or facilities available to individuals who have reached the age of twenty-one. Scott Tanner, a juvenile ombudsman, testified that the juvenile court loses jurisdiction when an individual reaches the age of twenty-one. He also agreed that there are no juvenile programs available to Flowers due to his age. Flowers's mother testified that, while he had been an obedient child, he was currently on probation for a misdemeanor marijuana conviction. He had worked full time since he was fifteen years old, purchased his own car at sixteen years old, and she now considered him an adult.

Arkansas Code Annotated section 9-27-318(g) (Repl. 2015) sets forth the factors the circuit court must consider and make written findings on at a transfer hearing. Those factors are:

> (1) the seriousness of the alleged offense and whether the protection of society requires prosecution in the criminal division of circuit court;
>
> (2) whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner;
>
> (3) whether the offense was against a person or property, with greater weight being given to offenses against persons, especially if personal injury resulted;
>
> (4) the culpability of the juvenile, including the level of planning and participation in the alleged offense;
>
> (5) the previous history of the juvenile, including whether the juvenile had been adjudicated a juvenile offender and, if so, whether the offenses were against persons or property, and any other previous history of antisocial behavior or patterns of physical violence;

(6) the sophistication or maturity of the juvenile as determined by consideration of the juvenile's home, environment, emotional attitude, pattern of living, or desire to be treated as an adult;

(7) whether there are facilities or programs available to the judge of the juvenile division of circuit court that are likely to rehabilitate the juvenile before the expiration of the juvenile's twenty-first birthday;

(8) whether the juvenile acted alone or was part of a group in the commission of the alleged offense;

(9) written reports and other materials relating to the juvenile's mental, physical, educational, and social history; and

(10) any other factors deemed relevant by the judge.

*R.G.W. v. State*, 2014 Ark. App. 545, at 2–3, 444 S.W. 3d 376, 377. Proof need not be introduced on each factor. *Nichols v. State*, 2015 Ark. App. 397, at 5, 466 S.W.3d at 433. The circuit court does not have to give equal weight to each factor. *R.G.W.,* 2014 Ark. App. at 3. The movant bears the burden of proving the necessity of transfer from the criminal division to the juvenile division of circuit court. *See Nichols*, 2015 Ark. App. 397, at 3, 466 S.W.3d 431, 432.

The court found that almost every statutory factor weighed against granting Flowers's motion to transfer. As to the first factor, the seriousness of the offense, the court correctly found that rape, a Class Y felony, is serious—the only offense in Arkansas that carries a greater potential sentence is capital murder. Here, the court noted that the alleged rape was of a young child and involved a continuous course of abuse. As to the second factor, whether the offense was committed in an aggressive, violent, premeditated, or willful manner, the court found that rape is a crime of force and violence and that there was evidence that the acts were willful and premeditated. As to the third factor, the court found that, by its statutory definition, rape is a

crime committed against a person, not property. Fourth, as to the culpability of each defendant, the court found that there was evidence that each fully participated in sexually assaulting the victim rather than acting as a bystander or lookout. The fifth factor, the juvenile's previous history, revealed that although neither defendant had significant contacts with the criminal-justice system in the past, Flowers had been arrested for misdemeanor marijuana possession. Sixth, regarding the sophistication or maturity of the juvenile, the court found that there was no evidence of any psychological or behavior disorder, and Flowers had graduated high school, worked full time since the age of fifteen, and had purchased his own vehicle. Seventh, the court noted that there are no programs or facilities available to rehabilitate Flowers due to his age—he turned twenty-one prior to filing his motion to transfer. Eighth, regarding whether the juvenile acted alone or as part of a group, the court noted that there was evidence that Flowers sometimes acted alone in sexually assaulting the victim and sometimes acted together with Byrd. As to the ninth consideration, any written reports or other materials relating to the juvenile's mental, physical, educational, and social history, no such reports were introduced. Finally, as to the tenth factor, in which the court may consider any other evidence deemed relevant by the judge, the court stated that it did not make any inquiry beyond the evidence presented by the parties. After considering all ten factors, the court found that the following weighed against transfer: the seriousness of the offense, the age of the defendants, the lack of any programs or facilities available to rehabilitate them, and the level of maturity shown by the defendants. The court accordingly denied the motion to transfer.

The State later filed a second amended information, adding a second count of rape. Flowers filed an amended motion to transfer, in which he also sought extended juvenile jurisdiction, arguing that the State's subsequent amendment of the charges to include an additional count of rape meant that he had been denied a fair juvenile-transfer hearing in the first instance. He claimed that the findings from the original transfer hearing were no longer applicable to the amended charges. He asked the court to transfer the case to the juvenile division and grant extended juvenile jurisdiction or dismiss the case.

The circuit court took judicial notice of all pleadings, testimony, and arguments that had been presented in relation to Flowers's original motion to transfer. The court then denied the amended motion to transfer for the same reasons stated in its previous order. Flowers filed a timely notice of appeal.

Flowers challenges the court's findings as to the statutory factors and its conclusion that the factors weighed against transferring the case to the juvenile division. On appeal, we will not reverse a circuit court's decision denying a motion to transfer unless it is clearly erroneous. *Nichols,* 2015 Ark. App. 397, at 4, 466 S.W.3d at 432. A finding is clearly erroneous when, after reviewing the evidence, the appellate court is left with a firm and definite conviction that a mistake was made. *Id.*, 466 S.W.3d at 432 After reviewing the record and the court's findings, we affirm because the court's decision regarding transfer was not clearly erroneous. As required, the court considered each factor, made findings on each, and its findings were supported by the evidence. As we have held many times, appellate courts will not reweigh the evidence presented to the circuit court. *See Clem v. State*, 351 Ark. 112, 116, 90 S.W.3d 428, 429–30 (2002).

Flowers also argues that the denial of his motion to transfer is against public policy because it punishes him for the victim's delay in reporting the alleged crime. Flowers cites no legal authority that reversal on this basis would be permissible or warranted. As an initial matter, we note that Flowers's argument that the circuit court refused to transfer the case based solely on his age is incorrect. Even absent the court's findings regarding Flowers's age and the lack of rehabilitative services available to him, transfer would not have been warranted under the remaining factors, given the serious nature of the offense, Flowers's active role in the crime, his previous criminal history, and his maturity level.

Moreover, the juvenile code has several stated purposes, one of which is

[t]o protect society more effectively by substituting for retributive punishment, whenever possible, methods of offender rehabilitation and rehabilitative restitution, recognizing that the application of sanctions that are consistent with the seriousness of the offense is appropriate in all cases.

Ark. Code Ann. § 9-27-302(3). In keeping with this purpose, the legislature has designated specific factors to be considered in determining whether transfer is appropriate. Here, the court clearly considered the statutory factors. To the extent that it also considered Flowers's age and the availability of rehabilitative services, we disagree that such considerations are contrary to the public policy of the state, as defined by the juvenile code.

Affirmed.

ABRAMSON and HIXSON, JJ., agree.

*The Burns Law Firm, PLLC*, by: *Jack D. Burn*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Ass't Att'y Gen., for appellee.

SLIP OPINION