Arkansas Code Annotated section 9-27-318(g) provides:
(g) In the transfer hearing, the court shall consider all of the following factors:
(1) The seriousness of the alleged offense and whether the protection of society requires prosecution in the criminal division of circuit court;
(2) Whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner;
(3) Whether the offense was against a person or property, with greater weight being given to offenses against persons, especially if personal injury resulted;
(4) The culpability of the juvenile, including the level of planning and participation in the alleged offense;
(5) The previous history of the juvenile, including whether the juvenile had been adjudicated a juvenile offender and, if so, whether the offenses were against persons or property, and any other previous history of antisocial behavior or patterns of physical violence;
(6) The sophistication or maturity of the juvenile as determined by consideration of the juvenile's home, environment, emotional attitude, pattern of living, or desire to be treated as an adult;
(7) Whether there are facilities or programs available to the judge of the juvenile division of circuit court that are likely to rehabilitate the juvenile before the expiration of the juvenile's twenty-first birthday;
(8) Whether the juvenile acted alone or was part of a group in the commission of the alleged offense;
*446 (9) Written reports and other materials relating to the juvenile's mental, physical, educational, and social history; and
(10) Any other factors deemed relevant by the judge.
The circuit court shall make written findings on all the factors set forth in subsection (g) of this section. Ark. Code Ann. § 9-27-318(h)(1). However, the State is not required to introduce proof of each factor, and the circuit court does not have to give equal weight to each factor. Flowers v. State , 2017 Ark. App. 468, 528 S.W.3d 851. The movant bears the burden of proving the necessity of transfer from the criminal division to the juvenile division of circuit court. Id. On appeal, we will not reverse a circuit court's decision denying a motion to transfer unless it is clearly erroneous; a finding is clearly erroneous when, after reviewing the evidence, the appellate court is left with a firm and definite conviction that a mistake was made. Id. The appellate courts will not reweigh the evidence presented to the circuit court. Id.
The order denying McClendon's motion to transfer was prepared by defendant's counsel and stated in its entirety:
Upon motion of the Defendant to transfer this case to the Juvenile Division of Circuit Court, the Court has considered all the factors listed in Ark. Code Ann. § 9-27-318 and § 9-27-503 and makes the following findings:
1. The underlying offense, Battery in the First Degree, is a serious offense.
2. The alleged offense was committed in an aggressive manner.
3. The alleged offense was committed against a person, specifically a minor.
4. That there are facilities or programs available, but the Court is not sure they are likely to rehabilitate.
After consideration of these factors, the Court denies the Defendant's Motion to Transfer to the Juvenile Division of Circuit Court.
The circuit court made written findings regarding only four of the factors listed in section 9-27-318(g). On appeal, McClendon argues the circuit court's failure to make written findings on all ten factors requires the case to be remanded to the circuit court. We agree.
Prior to 2003, Arkansas Code Annotated section 9-27-318(g) provided, "In making the decision to retain jurisdiction or to transfer the case, the court shall make written findings and consider all of the following factors...." In Beulah v. State , 344 Ark. 528, 42 S.W.3d 461 (2001), the appellant argued the circuit court erred in not making written findings on all the enumerated statutory factors. In concluding there was no error, our supreme court held the plain language of the statute only required the circuit court to consider all the factors and make written findings, not make written findings of all the factors, as the extent of the written findings was not specified.
In 2003, arguably in direct response to the supreme court's holding in Beulah , the legislature added subsection (h)(1) to Arkansas Code Annotated section 9-27-318, making it mandatory for the circuit court to make written findings on all the factors set forth in subsection (g).
Citing B.D. v. State , 2015 Ark. App. 160, 457 S.W.3d 294, the State argues McClendon has waived his argument because it was not raised to the circuit court. However, the case relied on in B.D. - Box v. State , 71 Ark. App. 403, 30 S.W.3d 754 (2000) -is a pre-2003 case, when the statute *447 did not mandate the circuit court to make written findings on all ten factors.
Our court has recently, on its own accord, raised the issue of whether the circuit court made written findings on all ten factors required to be considered in a juvenile-transfer hearing, even if the issue was not raised to the circuit court. In Gilliam v. State , 2016 Ark. App. 297, 2016 WL 3209167, our court remanded for the circuit court to make written findings instead of simply check-marking boxes on a form. In Brown v. State , 2015 Ark. App. 570, 2015 WL 6378733, our court remanded the denial of a juvenile-transfer motion due to the failure to make any written findings, holding that check marks on a form did not constitute written findings.
In Harris v. State , 2015 Ark. App. 565, 2015 WL 5853621, our court remanded for a lack of findings, as the circuit court only check-marked boxes instead of making findings on each factor. In that case, our court, citing Beulah, supra , stated that the circuit court was not required to make written findings with regard to all the factors. However, when the case returned to our court in Harris v. State , 2016 Ark. App. 293, 493 S.W.3d 808, in which the denial of appellant's motion to transfer was affirmed, we noted in a footnote that it was mistakenly asserted in our first opinion, citing Beulah , supra , that the circuit court was not required to make written findings on all the statutory factors; however, the current statute now required written findings on all factors.
The State further argues this is a case of invited error, as other factors were discussed at the transfer hearing that were not included in the order, and McClendon cannot now benefit from his counsel's failure to prepare a proper order. We disagree. The statute requires written findings to be made in decisions regarding juvenile-transfer hearings, and in order to perform a proper review, our court needs these statutorily mandated findings to aid in our understanding of the information considered by the circuit court at the transfer hearing. See, e.g. , Schwartz v. Lobbs , 2016 Ark. App. 242, 491 S.W.3d 161 ; Wadley v. Wadley , 2012 Ark. App. 208, 395 S.W.3d 411. The statute requires the circuit court to make written findings of fact on all ten factors, and it is the responsibility of the circuit court to ensure written findings on all ten factors are made. We therefore remand this case with instructions for the circuit court to make written findings on all ten factors enumerated in the juvenile-transfer statute.
Remanded with instructions.
Harrison and Klappenbach, JJ., agree.