Cite as 2019 Ark. App. 429

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR-19-235

| | | |
|---|---|---|
| CORY GIBSON, JR. | | **Opinion Delivered** October 2, 2019 |
| | APPELLANT | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NOS. 26CR-18-541, 26CR-18-662] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE MARCIA R. HEARNSBERGER, JUDGE |
| | APPELLEE | REMANDED WITH INSTRUCTIONS |

## BRANDON J. HARRISON, Judge

Cory Gibson, Jr., appeals the denial of his motions to transfer to the juvenile division of the circuit court and challenges the evidence supporting several of the statutory factors found in Ark. Code Ann. § 9-27-318(g) (Repl. 2015). We are unable to reach the merits of his argument because we must remand for proper written findings.

In deciding a motion to transfer, the circuit court is to consider the following factors:

(1) The seriousness of the alleged offense and whether the protection of society requires prosecution in the criminal division of circuit court;

(2) Whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner;

(3) Whether the offense was against a person or property, with greater weight being given to offenses against persons, especially if personal injury resulted;

(4) The culpability of the juvenile, including the level of planning and participation in the alleged offense;

(5) The previous history of the juvenile, including whether the juvenile had been adjudicated a juvenile offender and, if so, whether the offenses were against persons or property, and any other previous history of antisocial behavior or patterns of physical violence;

(6) The sophistication or maturity of the juvenile as determined by consideration of the juvenile's home, environment, emotional attitude, pattern of living, or desire to be treated as an adult;

(7) Whether there are facilities or programs available to the judge of the juvenile division of circuit court that are likely to rehabilitate the juvenile before the expiration of the juvenile's twenty-first birthday;

(8) Whether the juvenile acted alone or was part of a group in the commission of the alleged offense;

(9) Written reports and other materials relating to the juvenile's mental, physical, educational, and social history; and

(10) Any other factors deemed relevant by the judge.

Ark. Code Ann. § 9-27-318(g). The statute requires the circuit court to make written findings of fact on all ten factors. Ark. Code Ann. § 9-27-318(h)(1); *McClendon v. State*, 2019 Ark. App. 115, 572 S.W.3d 443.

Here, the circuit court entered an order on 16 January 2019 and found that

1. The Defendant was born on June 14, 2002. The alleged offenses occurred on or about July 31, 2018 and September 20, 2018. At the time of the alleged conduct, the Defendant was sixteen (16) years old.

2. The Defendant is charged with Rape, a Class Y felony, which is a very serious offense and the protection of society favors prosecution in the criminal division of circuit court. The charge of Terroristic Threatening is also a serious offense involving aggressive behavior for which the protection of society would favor prosecution in the criminal division of circuit court.

3. The alleged offense of Rape was committed in an aggressive, violent and premeditated manner; while the Terroristic Threatening appears to be aggressive and violent, it does not appear to be premeditated.

2

4. The alleged offense was committed against a person and personal injury resulted.

5. The allegations indicate the Defendant acted alone in the commission of the offense by the Defendant.

6. The evidence presented shows a consistent pattern of criminal and anti-social behavior on the part of the Defendant.

7. The Court finds there was no significant evidence concerning the sophistication or maturity of the Defendant.

8. The evidence submitted indicated that, in light of the nature of the offense charged and the Defendant's age, there is an extreme lack of appropriate facilities or programs available to the judge of the juvenile division of [the] circuit court that are likely to rehabilitate the juvenile before the expiration of the juvenile's twenty-first birthday.

9. There was some testimony but no written reports and other materials relating to the Defendant's mental, physical, educational, and social history.

10. The Defendant has not presented clear and convincing evidence that this case should be transferred to the Juvenile Division of Circuit Court and the Motion to Transfer is denied.

We hold that the circuit court's order fails to comply with the statutory requirement for written findings on all the statutory factors because it does not make a finding on factor (4), which is the culpability of the juvenile, including the level of planning and participation in the alleged offense. In reference to factor (4) in his brief, Gibson simply states that "[t]he evidence presented at the hearing show [sic] that the juvenile acted alone." However, whether the juvenile acted alone is a separate factor, factor (8), and cannot constitute a finding on factor (4). We therefore remand with instructions for the circuit court to enter an order consistent with the statute.

Remanded with instructions.

GRUBER, C.J., and MURPHY, J., agree.

*Natural State Law, PLLC*, by: *Jarred W. Kibbey*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Bailey Kane*, Ass't Att'y Gen., for appellee.